BEATRICE I. ALENCE, Appellant, v. RICHARD F. ALENCE, Respondent.— Order modified by increasing the amount allowed for the support of the plaintiff and the children *pendente lite* from twenty-five dollars to fifty dollars per week, and by increasing the allowance for counsel fee and disbursements to $200, payable one-half within ten days after the service of a certified copy of the order to be made herein, with notice of entry thereof upon the defendant, and the balance upon the opening of the trial; and as so modified the order is affirmed, with ten dollars costs and disbursements to appellant. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

JOHN ELTON BANISTER, as Administrator, etc., of JOHN WILLIAM BANISTER, Deceased, Respondent, v. RICHARD J. GRAY, as Treasurer of Bricklayers, Masons and Plasterers' International Union of America, Appellant.* — Judgment affirmed, with costs. No opinion. Lazansky, P. J., Hagarty and Davis, JJ., concur; Kapper and Carswell, JJ., dissent.

HERBERT T. BARNES, Respondent, v. JOSEPH CAVAGNARO, Appellant.— Judgment and order of the County Court of Suffolk county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

ALICE M. BEHRENS, an Infant over the Age of Fourteen Years, by JAMES A. BEHRENS, Her Guardian ad Litem, Respondent, v. BROOKLYN CITY RAILROAD COMPANY, and SUPERIOR CAN COMPANY, Defendants, and CHARLES A. BUCKLEY, as Chamberlain of the City of New York, Appellant.— Order reversed on the law, without costs, and motion denied, without costs, on authority of *Marczak* v. *Brooklyn City Railroad Company* (*post*, p. 841), decided herewith. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

EMIL BERTSCH, Respondent, v. GEORGE SMITH, Appellant.— Judgment and order of the City Court of White Plains reversed on the law and the facts and a new trial ordered, costs to appellant to abide the event, on the ground that the determination of the trial justice was against the weight of the evidence. Granting plaintiff the most favorable inferences to be drawn from the facts, it appears that plaintiff going from fifteen to twenty miles an hour, when ten feet away from Cohawney road, observed defendant fifty or sixty feet from Brewster road. Plaintiff did not know at what speed defendant was going. This made it impossible for him to determine that if he continued there would not be a collision. Plaintiff proceeded across Cohawney road without paying any further attention to defendant until the time of the collision. According to plaintiff, he had gone about thirty-two feet, and defendant about fifty-five to sixty-five feet, from the time plaintiff first saw defendant up to the time of the collision. Defendant had the right of way. Defendant failed to move to dismiss at the end of the whole case. Under these circumstances, the finding that plaintiff was free from contributory negligence is against the weight of the evidence. Lazansky, P. J., Kapper, Carswell and Davis, JJ., concur; Hagarty, J., dissents and votes to affirm.