WILLIAM J. SAME, Respondent, v. HUGH M. DAVISON and WILLIAM J. DAVISON, Appellants.

Fourth Department, December 23, 1937.

*Gordon H. Mahley* and *M. Harold Dwyer*, for the appellants.

*Jesse E. Kingsley* and *J. Daniel Gorman*, for the respondent.

PER CURIAM. The plaintiff was driving southerly on a street in the city of Syracuse, N. Y., and an automobile driven by the defendant Hugh M. Davison, and owned by his father, William J. Davison, was proceeding easterly on an intersecting street. The cars collided at the intersection. Hugh M. Davison pleaded guilty to a violation of an ordinance of the city of Syracuse in driving at more than twenty-five miles an hour at the time of the accident. The judgment of conviction was admissible " as *prima facie* evidence of the facts involved." (*Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310.) However, the cross-examination of this defendant as to such conviction designed solely to affect his credibility should not have been permitted. (Vehicle and Traffic Law, § 2, subd. 29.) The defendant driver was on the plaintiff's right. Plaintiff was bound to grant the right of way to defendant driver if there were reasonable likelihood of a collision. (Vehicle and Traffic Law, § 82, subd. 4; *Shirley* v. *Larkin Co.*, 239 N. Y. 94, 97.) Therefore, the court should have granted the defendants' request to charge that if the plaintiff " knew or had reason to believe that there would be an accident if he continued on, that then it was his duty to stop and to avoid it." The cars of the parties were in sight of the respective drivers from the time they were more than a block away from the intersection. If we accept the testimony of the plaintiff as to distances, then it follows that defendant was traveling about five times as fast as plaintiff. If the defendant were approaching the intersection at ninety miles an hour, then the plaintiff certainly ought to have slowed down or stopped and not attempted to cut across in front of defendant. As it was, the plaintiff speeded up and said that he did so to get across before the defendant's car got there. The finding of the jury that the plaintiff was free from contributory negligence is against the weight of the evidence. (*Bertsch* v. *Smith*, 237 App. Div. 836.)

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.