In the Matter of the Estate of ESTHER A. RECHTSCHAF-
FEN, Deceased.

NATHAN ZUCKER, Appellant; LOUIS RECHTSCHAFFEN,
Respondent.

Argued May 27, 1938; decided July 7, 1938.

*David Morgulas* and *M. Carl Levine* for appellant. Error was committed in excluding the records of the Magistrate's Court finding the respondent guilty of being a disorderly person. (*Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310; *People* v. *Schenkel*, 258 N. Y. 224; *People* v. *Dimitry*, 163 Misc. Rep. 279; *Matter of Vogel*, 251 App. Div. 741.) The records of conviction in the Magistrate's Court constitute findings of abandonment and failure to support. (*People ex rel. Demos* v. *Demos*, 115 App. Div. 410.)

*David Getzoff* for respondent. The motion to strike the records of the convictions from the record was properly determined. (*Collins* v. *Hydorn*, 135 N. Y. 320; *Rathbone* v. *Hooney*, 58 N. Y. 463; *Green* v. *Altenkirch*, 176 App. Div. 320; *People* v. *Houtman*, 197 App. Div. 84; *People ex rel. Commissioner of Public Charities* v. *Duffin*, 68 Misc. Rep. 290; *People* v. *Crouse*, 86 App. Div. 352; *Chandler* v. *Chandler*, 272 N. Y. Supp. 306; *Costa* v. *Costa*, 286 N. Y. Supp. 585.) The proceedings in the Family Court did not establish an abandonment or failure or neglect to provide. (*Aronowitz* v. *Aronowitz*, 287 N. Y. Supp. 130; *People ex rel. Commissioners of Charities* v. *Cullen*, 153 N. Y. 629; *People* v. *Paaschen*, 105 Misc. Rep. 417; *People ex rel. Feeney* v. *Dersche*, 78 App. Div. 626; *People* v. *Pettit*, 74 N. Y. 320; *People* v. *Schenkel*, 258 N. Y. 224; *People ex rel. Commissioner of Public Charities* v. *Duffin*, 68 Misc. Rep. 290; *Matter of Sadowski*, 284 N. Y. Supp. 521.) The respondent did not abandon or neglect or fail to provide for the decedent. (*Bohmert* v. *Bohmert*, 241 N. Y. 446; *McKee* v. *McKee*, 271 N. Y. Supp. 384; *Fein* v. *Fein*, 261 N. Y. 441; *Davis* v. *Davis*, 75 N. Y. 221; *People* v. *Schenkel*, 258 N. Y. 224; *People ex rel. Demos* v. *Demos*, 115 App. Div. 410; *People* v. *McCarthy*, 139 Misc. Rep. 746; 257 N. Y. 567; *Matter of Hess*, 143 Misc. Rep. 335; *City of New York* v. *Kaiser*, 125 Misc. Rep. 637. The burden of proving an abandonment by a surviving spouse is upon those who assert it

and who thereby hope to establish the right or privilege to take the intestate's property free of any claim of either spouse. (*Matter of Wheeler*, 156 Misc. Rep. 830; *Matter of Green*, 280 N. Y. Supp. 692; *Matter of Lawson*, 287 N. Y. Supp. 9.

O'BRIEN, J.    Esther Annie Rechtschaffen died intestate a resident of New York county in September, 1936, leaving as survivors her husband, this respondent, Louis Rechtschaffen, a nephew, this appellant, Nathan Zucker, and other collateral relatives.    Upon petition by the nephew and cross-petition by the husband, the Surrogate issued letters of administration to the husband, this respondent.

The question is whether the husband, by refusing or neglecting to provide for his wife, or by abandoning her, has forfeited his interest in the estate and thus lost his right to appointment as administrator.    If he has not so forfeited his right, and is entitled to share in the estate, he takes precedence over all others in appointment as administrator.    (Surr. Ct. Act, § 118.)    Section 87 of the Decedent Estate Law (Cons. Laws, ch. 13) provides: " No distributive share of the estate of a decedent shall be allowed under the provisions of this article    *    *    * (c)    *    *    * to *a husband who has neglected or refused to provide for his wife, or has abandoned her.*"    The appellant in his petition alleges that respondent abandoned his wife twenty years prior to her death and has neglected and refused to provide for her and to contribute to her support. The burden is upon him to establish these allegations. The Surrogate held that the preponderance of the evidence on the issues of abandonment and failure to provide is in favor of the husband but, in reaching this conclusion, he struck from the record certain records of the Magistrate's Court and Domestic Relations Court which we deem relevant.    The decree adjudges that appellant has failed to prove that the respondent husband abandoned, neglected and failed to provide for decedent.

Decedent, while employed as a cook, in the year 1908 married respondent. From that date until 1917, decedent and her husband were engaged in the laundry business when, as the witnessess, court and counsel state, they " *separated.*" The capital for this business had been supplied by the wife. The circumstances under which they ceased to live together are thus described by the daughter of respondent who is the stepdaughter of decedent: " One day we came home — I came home from the store and I found the apartment empty. I ran back to the store and told Papa that I couldn't get into the apartment. * * * And he went to the apartment and everything was empty. * * * Q. Was the furniture in the apartment? A. No. Q. Did you see this decedent at the time? A. No. * * * Q. Did you see her after that? A. I have seen her when she summoned Papa to court. * * * Q. After, as you testified, your father came to the apartment and found it empty, what did you and your father do? A. We had to stay in the store. * * * Q. You mean, you slept in the store? A. Yes, on the floor. * * * My brother left — went to Baltimore at the time, *when my stepmother broke up house.*" In addition to this testimony, the Surrogate evidently gave consideration to testimony by the decedent in a proceeding, in which she charged her husband with failure to support, before a city magistrate February 8, 1917, which is embodied in respondent's Exhibit 2. This exhibit was *admitted* without objection but *apparently by consent.* In that proceeding, decedent as complainant admitted that she had sold the furniture, that she did not intend to live in the apartment, that if her husband came back, she would not stay with him and that " I can't live with him. He make me sick. I have the key." After this separation, decedent returned to her former employer. The husband did not know where she lived after the separation in 1917. Respondent testified in this proceeding before the Surrogate that,

pursuant to orders of court, he paid his wife three dollars and fifty cents a week and four dollars a week until he became ill in December, 1935.

The Surrogate admitted in evidence and later struck out records in Magistrate's Court and Domestic Relations Court adjudging respondent husband to be *a disorderly person* by reason of the fact that his wife was in danger of becoming a burden upon the public and ordering him to pay three dollars and fifty cents per week for her support from November 2, 1917, the date of the first order, the same sum from November 26, 1918, the date of the second order, and other records indicating delinquency in payments.

The proceedings in the Domestic Relations Court and the Magistrate's Court which resulted in judgments that defendant was a disorderly person necessarily included the issues whether this respondent husband had abandoned his wife without adequate support or left her in danger of becoming a burden upon the public or neglected to provide for her according to his means. A disorderly person is defined as one who is guilty of these acts or omissions (Code Crim. Proc. § 899, subd. 1), and proof of the judgments of the Domestic Relations Court and the Magistrate's Court that respondent was a disorderly person is *prima facie* evidence in the present proceeding that he neglected to provide for his wife according to his means. (*Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310, 314.) The husband's obligation of support continues so long as the marriage relation is not dissolved or limited by a decree of divorce or separation. (*People* v. *Schenkel*, 258 N. Y. 224, 226.) Therefore, in deciding the issue in this proceeding whether respondent neglected or refused to provide for his wife within the meaning of section 87 of the Decedent Estate Law, the effect of these quasi-criminal proceedings in the inferior courts should be considered in relation to all the other evidence in the case. They do not as matter of law establish abandonment or failure to provide,

but cannot be regarded as wholly irrelevant. We think, therefore, that error was committed in striking from this record the records in the inferior courts.

The orders should be reversed and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion, with costs to abide the event payable out of the estate.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Ordered accordingly.