Bernard A. Glasier, Respondent, v. Andrew Troanovitch, Appellant.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: It was error to permit plaintiff to prove that the driver of defendant's truck had pleaded guilty to the crime of violating section 167 of the Labor Law. The driver's plea of guilty amounted to an admission which was not a part of the *res gestæ*, and he was not a party to the action. (*Max* v. *Brookhaven Development Corp.*, 262 App. Div. 907; *Cook* v. *A. & P. Tea Co.*, 244 id. 63; affd., 268 N. Y. 599; *Golden* v. *Horn & Hardart Co.*, 244 App. Div. 92; affd., 270 N. Y. 544; *Dunnet* v. *Levy*, 261 App. Div. 295.) The cases of *Schindler* v. *Royal Ins. Co.* (258 N. Y. 310) and *Same* v. *Davison* (253 App. Div. 123) are not applicable. In each of those cases the witness who made the admission was a party to the action. All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

John Ziegler, Respondent, v. Andrew Troanovitch, Appellant.— Same decision as in companion case of *Glasier* v. *Troanovitch* (*ante,* p. 940). (The judgment is for plaintiff in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

The People of the State of New York, Respondent, v. Merril May, Alias Ralph Jones, Appellant.— Judgment of conviction and order affirmed. All concur. (The judgment convicts defendant of the crime of murder, second degree. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.