MARY B. SMITH et al., Plaintiffs, *v.* FRANK MINISSALE, Defendant.

Supreme Court, Special Term, Queens County, March 3, 1947.

*James V. Masone* for plaintiffs.

*Stanton E. Small* for defendant.

HALLINAN, J. In an action to recover damages for personal injuries and loss of services as a result of an automobile accident, the defendant moves, pursuant to rule 103 of the Rules of Civil Practice to strike from the complaint as irrelevant, unnecessary, impertinent and tending to prejudice, embarrass

and delay the fair trial of the action, the following paragraph:
" Seventh: That on or about December 28th, 1946 the defendant
was found guilty of passing a street car on the left at the time
and place of the aforementioned occurrence in violation of
Section 20 of the Traffic Code of the City of New York."

Formerly, in an action of this character, receipt of proof
of a conviction for the nonobservance of a traffic ordinance as
prima facie evidence of civil liability for damages was held
not justified and reversible error (*Roach* v. *Yonkers Railroad
Co.*, 242 App. Div. 195; *Max* v. *Brookhaven Development Corp.*,
262 App. Div. 907). Recently, however, the Appellate Division,
Second Department, affirmed Special Term's denial of a motion
to strike, pursuant to rule 103 of the Rules of Civil Practice,
certain paragraphs of the complaint wherein it was alleged that
the defendant was convicted of a violation of section 1530 of
the Penal Law, and that despite such conviction it had done
nothing to abate the nuisance (*Giessler* v. *Accurate Brass Co.*,
271 App. Div. 980, affg. N. Y. L. J., Nov. 16, 1946, p. 1343, col. 5,
LIVINGSTON, J.). In the memorandum opinion of the Appellate
Division the court said: " In our opinion, proof of defendant's
conviction upon the charge of maintaining the nuisance alleged
in the complaint would be admissible as prima facie evidence
of the facts involved (*Matter of Rechtschaffen*, 278 N. Y. 336);
and, to the extent that *Roach* v. *Yonkers Railroad Co.* (242 App.
Div. 195) is in conflict with the *Rechtschaffen* case (*supra*), it
must be deemed overruled."

In light of this latest pronouncement of our Appellate Divi-
sion, it would be an improvident exercise of discretion for this
court to grant the instant motion.

In *Schindler* v. *Royal Insurance Co.* (258 N. Y. 310, 314) the
Court of Appeals said: " The rule in New York from an early
day (*Maybie* v. *Avery*, 18 Johns. 532) has relaxed the strict
rule of complete exclusion. It permits proof of the conviction
as *prima facie* evidence of the facts involved."

In *Same* v. *Davison* (253 App. Div. 123) the Appellate Divi-
sion, Fourth Department, in an automobile negligence case,
held that a judgment of conviction on the plea of guilt of the
operator to a violation of an ordinance of the City of Syracuse
in driving at more than twenty-five miles an hour at the time
of the accident was admissible " as *prima facie* evidence of the
facts involved." (See, also, *Everdyke* v. *Esley*, 258 App.
Div. 843.)

The motion is, accordingly, denied. Submit order.