In the Matter of RODGERS-HARTLEY, INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— The decision of the Unemployment Insurance Appeal Board determines that the corporate appellant is liable for an assessment on account of wages paid to the sole stockholders, Clara L. Rodgers and Agnes Hartley. Fees received from the sale of real estate were divided into three parts, one paid to the stockholder Rodgers, another to the stockholder Hartley and the third to the corporation for the expenses of operating the business. The two stockholders had social security numbers and recognized the existence of the corporation. It was a corporate entity and the employer. The decision should be affirmed. Decision unanimously affirmed, with costs to the Industrial Commissioner. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.

MARVIN STANTON, Respondent, v. JOSEPH M. MAJOR, Appellant.— Appeal from a judgment and order in an automobile negligence action by the defendant, driver of the car. The respondent-plaintiff was a passenger. The jury found negligence on the part of the defendant who complains that a certified copy of the record of conviction, entered on his plea of guilty to a charge of reckless driving, was received in evidence and that the court charged the jury that it might consider the record and plea as prima facie evidence of negligence. The judgment and the order denying a motion for a new trial should be affirmed. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Heffernan, Brewster, Russell and Foster, JJ.

In the Matter of the Estate of CORA E. CAYWOOD, Deceased. JUDSON R. HOOVER, Appellant; EDWARD A. CAYWOOD, as Administrator of the Estate of CORA E. CAYWOOD, Deceased, Respondent.— This is an appeal by claimant from a decree of the Surrogate's Court of Chemung County dismissing his claim against the estate of Cora E. Caywood, deceased. Claimant filed a claim against the estate of decedent for $3,787 for board and room for the period from March 3, 1933, to November 25, 1944, a total of 543 weeks at $7 per week. The claim was rejected by the administrator. The Surrogate found that the proof failed to establish any valid claim against the estate. The evidence sustains that conclusion. Decree of the Surrogate's Court unanimously affirmed, without costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.

MATILDA SEXTON, Respondent, v. G. F. HARVEY COMPANY et al., Appellants. DEWITT SEXTON, Respondent, v. G. F. HARVEY COMPANY et al., Appellants.— Appeal by the defendants in both actions from an order granting the plaintiffs' motion for an examination of the defendants before trial for the purpose of enabling the plaintiffs to prepare their complaints. The record amply demonstrates the necessity and propriety of the examination sought. Order unanimously affirmed, with $10 costs and disbursements to each respondent. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD C. BLAUVELT, Appellant.— Appeal from an order denying petitioner's application to be discharged from prison. The petition does not show grounds to sustain the application. Order unanimously affirmed. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.