Callahan, J.
The plaintiff has recovered substantial damages on the verdict of a jury in this action for (1) wrongful death, and (2) conscious pain and suffering of the plaintiff’s intestate. On January 1, 1946, while crossing First Avenue at 86th Street, in the city of New York, the deceased was struck by a newspaper delivery truck of the defendant News Syndicate Co., Inc., and operated by the defendant Seelig at the time of the accident.
On the trial the issue of negligence was sharply contested. The proof was conflicting as to the speed of the truck and the condition of the traffic lights.
The defendant Seelig testified as a witness on behalf of the defendants in this case. On cross-examination, and over objection and exception, the plaintiff’s counsel was permitted to inquire whether the defendant operator of the vehicle had been convicted of “ dangerous driving ”, and the witness was obliged to admit his conviction on such charge.
On this appeal by the defendants we are required to determine whether the trial court committed reversible error in permitting such cross-examination as to disclose that the defendant Seelig had been convicted of a traffic infraction in connection with the accident.
The police commissioner at the time of the accident in suit was empowered to make regulations for the control of traffic in the city of New York (Cherubino v. Meenan, 253 N. Y. 462), with violations thereof “ triable by a city magistrate and punishable by not more than thirty days’ imprisonment, or by a fine of not more than fifty dollars, or both. ” (New York City Charter [1938], § 435.) In passing, it may be noted that the traffic commission has now succeeded to the powers and duties formerly belonging to the police commissioner in respect to the making of regulations for traffic control, and violations of such rules continue to be prosecuted and punishable as before (see New York City Charter [1938], § 1064, as added by Local Laws, 1949, No. 2 of City of New York). The traffic regulations define “ dangerous driving ” as the operation of “ any vehicle * * * (1) in a manner which unreasonably interferes with the free and proper use of a private or public street or a foot-walk thereof, (2) or unreasonably endangers the users thereof, (3) or the driver himself, (4) or any occupant of the vehicle he operates, (5) or property.” (New York City Traffic Regulations, art. 3, § 20.) While this definition is textually similar to the misdemeanor of “ reckless driving ” (Vehicle and Traffic Law, *171 § 58), the fact is that the defendant Seelig was held to answer for a traffic infraction and his conviction on the charge of “ dangerous driving ” was not for a crime (Vehicle and Traffic Law, § 2, subd. 29; see Penal Law, § 2).
The law provides that no witness shall be required “ to disclose a conviction for a traffic infraction, as defined by the vehicle and traffic law, nor shall conviction therefor affect the credibility of such witness in any action or proceeding.” (Civ. Prac. Act, § 355.) “ A traffic infraction is not a crime, and the penalty or punishment therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not affect or impair the credibility as a witness, or otherwise, of any person convicted thereof.” (Vehicle and Traffic Law, § 2, subd. 29.) Accordingly, it was clearly error for the trial court to permit the plaintiff to elicit on cross-examination of the defendant Seelig that he had been convicted of “ dangerous driving ” as a result of the accident in this case (Matter of Hart v. Mealey, 287 N. Y. 39; De Stasio v. Janssen Dairy Corp., 279 N. Y. 501; Same v. Davison, 253 App. Div. 123; Merkling v. Ford Motor Co., 251 App. Div. 89, 96). In this connection it makes no difference that the conviction arose out of the same occurrence as the civil suit for damages. The privilege of the witness and the admissibility of evidence of conviction to discredit him do not depend on the time, but the nature of the offense leading to the conviction (see General Exch. Ins. Corp. v. Sherby, 165 Md. 1).
The question remains, however, whether the improper cross-examination of the defendant operator of the truck constitutes reversible error in the circumstances of this case. Ordinarily, it would not be harmless in an action like the present where the factual issues are so closely contested. But the plaintiff argues that such error was without harmful effect in this instance by reason of the fact that the trial court might properly have admitted a record of conviction of the defendant Seelig for “ dangerous driving ” in connection with the very occurrence that underlies this civil action for damages. (See Schindler v. Royal Ins. Co., 258 N. Y. 310.) It appears that at the close of the plaintiff’s case a document was offered “ as prima facie evidence of the facts ”. The offer, however, was withheld at the suggestion of the trial court and the introduction of the paper not pressed at the time. The document was marked for identification, but never subsequently reoffered in evidence. It has been added to the record on appeal by stipulation of the *172 parties and consists of a certified copy of proceedings against the defendant Seelig in the Magistrate’s Court of the City of New York arising out of the same accident or occurrence involved in this action. This certificate shows a conviction after trial on a plea of not guilty to a charge of “ dangerous driving ” for speeding at a rate in excess of the statutory limit of twenty-five miles per hour at the time and place of the accident.
If such record of conviction be admissible as prima facie evidence in this civil litigation, there is force to the plaintiff’s contention that no reversible error was committed on cross-examination of the defendant Seelig regarding his conviction for “ dangerous driving ”. In such event, of course, the probative value to be accorded the certificate of conviction would be limited by appropriate instructions to the jury that it was prima facie proof of the facts against the defendant Seelig alone, and not against the corporate defendant as his employer (see Glasier v. Troanovitch, 264 App. Div. 940; Max v. Brookhaven Development Corp., 262 App. Div. 907; Dunnett v. Levy, 261 App. Div. 295; Cook v. Great Atlantic $ Pacific Tea Co., 244 App. Div. 63, affd. 268 N. Y. 599; Golden v. Horn & Hardart Co., 244 App. Div. 92, affd. 270 N. Y. 544; General Refrigeration Sales Co. v. Taylor, 229 Ala. 479; Mills v. Harstead, 189 Minn. 193). Even if heeded by a jury, however, such instruction would be of little avail to the defendant corporation because of its derivative liability for the negligent operation of its driver using the truck with the owner’s consent or permission (Vehicle and Traffic Law, § 59; see Tryon v. Willbank, 234 App. Div. 335, 339).
It would seem, therefore, that we are faced with the question whether the rule of the Schindler case (supra) should be applied to permit proof that the defendant in an action for negligence has been tried and convicted for a traffic infraction arising out of the same circumstances as the civil suit.
The Schindler case (supra) was concerned with the sufficiency of a defense pleaded as a bar in an action on a policy of insurance. The defense alleged the plaintiff’s conviction of a misdemeanor for filing a false claim on the same policy and casualty. While the defense was ruled to be insufficient as a plea in bar for the reason that the conviction was not res judicata, it was held that evidence of the conviction would be admissible as prima facie proof of the facts involved. The effect of this holding was to recognize an exception to the general rule of exclusion in a civil action that will not permit proof of a judgment in a criminal *173 proceeding growing out of the same transaction for the purpose of establishing the facts on which the judgment was rendered.
In Roach v. Yonkers R. R. Co. (242 App. Div. 195) it was held to be error to receive proof of a defendant’s conviction for reckless driving as prima facie evidence of liability in a negligence action. The Schindler case (supra) was distinguished, and said to rest (p. 197) “ upon the theory that one may not profit by his own wrongdoing and may not maintain an action to which he must trace his title through his own breach of the law, and permits proof of the conviction as prima facie evidence of the facts involved.” It should be noted, however, that the same court which decided the Roach case (supra) has only recently overruled its authority as a precedent to the extent that it conflicts with Matter of Rechtschaffen (278 N. Y. 336) (see Giessler v. Accurate Brass Co., 271 App. Div. 980).
The Rechtschaffen case (supra) involved a situation where a husband, who had been convicted as a disorderly person for abandoning his wife without support (Code Grim. Pro., § 899, subd. 1), was endeavoring to obtain control of her estate after death. Under the law a husband guilty of abandonment was not entitled to a distributive share of the property of his deceased wife (Decedent Estate Law, § 87) or administration of her estate (Surrogate’s Ct. Act, § 118). Accordingly, it was held that proof of conviction for abandonment was admissible to defeat the husband’s claim.
In principle, therefore, the Schindler and Rechtschaffen cases (supra) are the same. In each instance a record of conviction was held to be admissible against one affirmatively seeking to obtain an advantage or profit despite his own wrongdoing as shown by a judgment of conviction establishing the facts against him.
We think that a case like the present offers a factual situation so dissimilar that the rule of the Schindler and Rechtschaffen cases (supra) is not applicable. Here a defendant sued for negligent operation of a motor vehicle is seeking to avoid liability and deny tortious action or conduct on his part. (See, however, Giessler v. Accurate Brass Co., supra.) The plaintiff, of course, is desirous of disclosing to the jury that the defendant has been found guilty of a traffic infraction in connection with the very accident underlying the civil suit and for the sole purpose of establishing the facts to support the charge of negligence.
The question of admissibility in a civil case and weight to be accorded a judgment of conviction in criminal or quasi-criminal *174 proceedings has been frequently before the courts. (See 31 A. L. R. 261; 57 A. L. R. 504; 80 A. L. R. 1145; 130 A. L. R. 690.) “ The cases are now in substantial conflict as to the effect to be given to a conviction of crime in a civil action involving the same circumstances. The older cases generally excluded such evidence; now, however, there is an apparently increasing number of cases holding to the contrary. A like trend is shown in the comments of text writers.” ' (New York & Cuba Mail S. S. Co. v. Continental Ins. Co., 117 F. 2d 404, 411.)
The basic concept of those advocating the admissibility of such judgments in civil cases arising out of the same transaction is that a person tried on a criminal charge with all the safeguards surrounding such a trial and found guilty beyond a reasonable doubt should not be permitted in another litigation to contend that the facts are other than as established by the judgment of conviction, or that such judgment should be at least prima facie evidence of the facts found in the case. It is said that to exclude evidence of the conviction- amounts to a failure to give due respect to a judgment procured at the instance of the People of the State. On the other hand, it is argued by those contending for the rule of exclusion in civil proceedings that a criminal judgment is res inter alios acta, and that there is lack of mutuality of estoppel by reason of the fact that the plaintiff in the civil action was not a party to the criminal proceedings and a judgment of acquittal on the criminal charge would not be competent proof in favor of the accused. (See Green v. Altenkirch, 176 App. Div. 320; Wigmore on Evidence [3d ed.], §§ 1346, 1346a, 1671a; 1 Greenleaf on Evidence [16th ed.], § 537.)
We believe that the law of this State protecting a witness against disclosure of conviction, for a traffic infraction to affect his credibility (Civ. Prac. Act, § 355) is the expression of a public policy having some bearing on the question before us. It is true that this statute relates only to the matter of impeachment of a witness, and not to the probative force of a prior judgment of conviction for a traffic violation. Nevertheless, the rule of public policy thus declared seems to go beyond the mere question of privilege or credibility of a witness. As was noted in Matter of Hart v. Mealey (287 N. Y. 39, 43, supra), “ the Legislature recognized the weakness of evidence of a traffic infraction as proof of facts which may have been involved ” (emphasis supplied).
*175 Indeed, it has been suggested with regard to the rule of conclusiveness for a criminal judgment in subsequent civil litigation that an exception “ should probably be made for criminal convictions in inferior tribunals such as justice of the peace or traffic courts, where possible civil liability dwarfs the criminal penalty ” (Note, 50 Yale L. J. 499, 506). And in this connection the note points to one jurisdiction that seems to recognize this exception by excluding proof of conviction in a traffic court whether or not on a plea of guilty. (See, e.g., Zenuk v. Johnson, 114 Conn. 383; Page v. Phelps, 108 Conn. 572.)
For our part and the purposes of this case we may take judicial notice of the many rules that govern the operation of motor vehicles in the city of New York. It is our experience that the receipt of proof of a defendant’s conviction for a traffic infraction or violation of one or more of these regulations as evidence in chief to establish some element of a charge of negligence in a civil proceeding is likely to impair the right of a defendant to a fair,trial on the issue of civil negligence.
The absence of controlling authority in this State leaves us free to determine on principle whether the general rule of exclusion should apply in this case, or an exception to permit proof of a defendant’s conviction after trial for a traffic infraction in connection with the event that gives rise to the civil suit for negligence. We think that the better rule in a case of this kind is to exclude evidence of such conviction as primary evidence whether in the form of record proof or otherwise. This conclusion seems to have the weight of reason and authority to support it. (See Merkling v. Ford Motor Co., 251 App. Div. 89, supra; Page v. Phelps, supra, Blackman v. Coffin, 300 Mass. 432; General Exch. Ins. Corp. v. Sherby, 165 Md. 1, supra, Kelly v. Simoutis, 90 N. H. 87; Hollington v. Hewthorn & Co., [1943] K. B. 27, 587; 80 A. L. R. 1145; 130 A. L. R. 690.)
Accordingly, we hold that the certificate of the defendant Seelig’s conviction after trial in the Magistrate’s Court for a traffic infraction in connection with the accident involved in this civil action would not be admissible on a new trial as evidence in chief to establish the element of negligence in this case, and that by reason thereof the error in permitting cross-examination of this defendant as to the fact of his conviction on the charge of “ dangerous driving ” was not harmless and requires a new trial of this sharply contested lawsuit.
The narrow scope of this decision should not be overlooked. We are simply deciding that a record of conviction for a traffic *176 infraction after trial on a not guilty .plea is inadmissible against a defendant in a civil suit arising out of the same occurrence, nor is he subject to interrogation in respect to such conviction to establish a charge of negligence. This, of course, is quite apart from any question of privilege or credibility of the defendant as a witness (see Civ. Prac. Act, § 355; Vehicle and Traffic Law, § 2, subd. 29). In this connection, too, it is pertinent to note that the case at bar presents no occasion for deciding whether proof of conviction on a criminal charge as distinguished from a traffic infraction in connection with a vehicular accident should be admissible as evidence in chief against the defendant in a later civil proceeding. Neither do we decide whether the rule should be the same or different as againsLa plaintiff in a negligence action, who has himself been previously found guilty for a violation of traffic laws or regulations in connection with the identical accident on which he brings suit. (See, however, Schindler v. Royal Ins. Co., 258 N. Y. 310, supra; Matter of Rechtschaffen, 278 N. Y. 336, supra, Everdyke v. Esley, 258 App. Div. 843; Hardeman v. Georgia Rower Co., 42 Ga. App. 435; cf. Day v. Gold Star Dairy, 307 Mich. 383.)
This case must also be distinguished from those situations in which evidence of conviction on a plea of guilty to violation of traffic laws or rules of the road is admissible against the defendant in a civil action. In such cases the record or proof of the defendant’s guilty plea is received not as a judgment establishing a fact or the truth of the facts in support of the charge of negligent driving, but as a declaration or admission against interest (see Stanton v. Major, 274 App. Div. 864; Same v. Davison, 253 App. Div. 123, supra; Barnum v. Morresey, 245 App. Div. 798; Olson v. Meacham, 129 Cal. App. 670; Race v. Chappell, 304 Ky. 788; Morrissey v. Powell, 304 Mass. 268; Dzura v. Phillips, 275 Mass. 283; Public Service Co. of New Hampshire v. Chancey, 94 N. H. 259; Freas v. Sullivan, 130 Ohio St. 486; Olk v. Marquardt, 203 Wis. 479).
The fact that a new trial is necessary in this case also requires some mention of an incidental question in regard to damages. The deceased was forty-six years of age and single. A witness for the plaintiff was a young woman who said that she had been “ keeping company ” with the deceased for eight years and at one point testified that she was his fiancee. The summations of counsel referred to the possibility of marriage, but the trial court instructed the jury that the deceased’s prospect of mar *177 riage to this witness 11 has nothing to do with the case at all.” To this portion of the charge an exception was taken on behalf of the defendants. We think that the jury had the right to consider the factor or contingency of marriage on the issue of damages, especially since brothers and sisters were the only next of kin of the deceased (Conklin v. Central N. Y. Tel. & Tel. Co., 130 App. Div. 308). It was proper for the jury to weigh all the circumstances relating to the decedent’s age, single state, etc., and determine whether the likelihood of marriage might interrupt the continuance or militate against the rendering of financial aid to collateral relatives. The fact that this would involve an element of speculation on the jury’s part is not new or startling. It is well recognized that there is no mathematical formula for computing damages in a case of this kind and the inquiry of the jury in this field necessarily requires some degree of speculation (see Merritt v. Leddy, 240 App. Div. 707, affd. 263 N. Y. 653; Tryon v. Willbank, 234 App. Div. 335, 340, supra).
While the necessity of a new trial prevents our reaching the question, it may be in order to state that the size of the verdict awarding $25,000 on the death action and $3,000 for conscious pain and suffering impresses us as excessive in this case. The decedent survived the accident by three days and left only collateral relatives, whose proof of pecuniary loss was slight. If a new trial were otherwise unnecessary, we would feel obliged to reduce the plaintiff’s recovery in view of the relation between the deceased and the parties to be compensated for pecuniary loss in this action (see Merritt v. Leddy, supra).
The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.
Peck, P. J., Dore, Cohn and Van Voorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.