KARL LOEPER, an Infant, by VIOLET F. NITSKY, His Guardian ad Litem, et al., Plaintiffs, *v.* PAUL S. ROBERTS et al., Defendants.

GEORGE G. WHINNERY, JR., an Infant, by GEORGE G. WHINNERY, SR., His Guardian ad Litem, et al., Plaintiffs, *v.* PAUL S. ROBERTS et al., Defendants.

Supreme Court, Special Term, Albany County, June 7, 1951.

*Brown & Gallagher* for defendants.

*Samuel H. Levine* for plaintiffs.

MacAffer, J. The plaintiffs in each of the above-entitled actions have set forth in their complaints a paragraph, designated " Tenth ", which reads as follows: " Tenth. That on Jan. 9, 1951 at a Court of special sessions in the Town of Guilderland, County of Albany, New York, before George Bigsbee, Esq., a Justice of Peace of the Town of Guilderland said Defendant Paul S. Roberts was duly convicted and found guilty of operating said Chevrolet automobile at the aforesaid time and place in violation of Section 7D, subdivision 6 of the Vehicle and Traffic Law of the State of New York; in that he operated or drove said Chevrolet automobile or motor vehicle at said time and place while his motor vehicle driver's license was suspended; and that the said Court duly adjudged that said Paul S. Roberts pay a fine of $25.00; which the defendant Paul S. Roberts paid."

The defendants have moved, pursuant to rule 103 of the Rules of Civil Practice, to strike out from each complaint said paragraph designated "Tenth."

The defendants contend that the matter contained in such allegations is unnecessary and might tend to prejudice a fair trial of the actions and that such an allegation is evidentiary in nature rather than one of an ultimate fact. The plaintiffs resist the motion and cite several cases in support of their contention that the allegation is proper pleading. The cases cited by the plaintiffs do not apply to the allegation which is the subject of these motions. Those cases hold that an allegation of a conviction of the defendant of a crime is proper where the proof of such a conviction is admissible as bearing upon the negligence of the defendant (*Smith* v. *Minissale,* 190 Misc. 114).

A conviction for violating subdivision 6 of section 70 of the Vehicle and Traffic Law does not come within the violations of the law discussed and passed upon in the cases cited by the plaintiffs. In the cases at bar the proof of this conviction would not be admissible for the purpose of proving negligence but

would only be admissible as bearing on the issue of the credibility of the driver (*Phass* v. *MacClenathen,* 274 App. Div. 535). The question of the defendant's credibility is evidentiary in nature and should not be pleaded.

The motion of the defendants in each case is therefore granted, with $10 costs.

Submit order.