ROBERT W. ANDO, Appellant, *v.* ESSIE M. WOODBERRY et al., Respondents. ·

First Department, November 4, 1959.

126.

*Samuel J. Moskowitz* of counsel (*Graham M. Scheinman* with him on the brief; *Samuel J. Moskowitz,* attorney), for appellant.

*Peter E. De Blasio* of counsel (*Reilly & Reilly,* attorneys), for respondents.

BREITEL, J. P. Plaintiff, a motorcycle policeman, appeals from a verdict and judgment in favor of defendants after a jury trial in an action in negligence to recover for personal injuries. Plaintiff also appeals from the order denying his motion for a new trial.

The accident involved an automobile driven by one defendant and owned by the other. The only issue on appeal is whether there was error in the exclusion of pleas of guilty by the driver defendant to two traffic infractions arising out of the accident. It is concluded that there was no error.

The accident occurred when the automobile, on December 28, 1955, was making a left turn at the intersection of Fifth Avenue and 110th Street in Manhattan. According to plaintiff's version, the driver, without prior signal and by moving to the right, misled plaintiff. As a result plaintiff, on his motorcycle, proceeded alongside the automobile, and as it swung left suddenly, without signal, the automobile struck the motorcycle, causing plaintiff to fall to the ground and sustain the injuries he received. The driver denied that he had moved to the right and said that he had given the appropriate mechanical signal before turning left.

Defendant driver received a summons and when, in due course, the matter came up in the Traffic Division of Magistrates' Court he pleaded guilty to charges of two traffic infractions. The infractions were failure to signal and making an improper turn, the gravamen of plaintiff's claim.

Upon the trial plaintiff sought to prove the pleas of guilty on the ground that they were admissions against interest. The trial court excluded the proffered evidence.* Despite a sprinkling of dicta in the cases, actually there have been few, if any, holdings, especially in this State, which apply to the question.

In 1934 the Legislature concluded that the lesser traffic offenses should not have the status of either a felony or misdemeanor, but of something less than either. It was recognized that such lesser traffic offenses were of essentially trivial character, involved the most summary and informal of proceedings, and were usually processed before very busy courts. The Legislature enacted subdivision 29 (then subd. 28) to section 2 of the Vehicle and Traffic Law (L. 1934, ch. 485). It reads, in pertinent part, as follows: "Traffic infraction. A 'traffic infraction' is the violation of any provision of this chapter, or of any local law or ordinance governing or regulating traffic, where a penalty or other punishment is prescribed and which is not expressly declared by this chapter to be a misdemeanor or felony. A traffic infraction is not a crime, and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not affect or impair the credibility as a witness, or otherwise, of any person convicted thereof". Moreover, the Legislature made the unusual provision that the degrading of the offense should be retroactive to those past misdemeanor convictions which were now to be classified as infractions. It also amended section 355 of the Civil Practice Act to the effect that a witness shall not "be required to disclose a conviction for a traffic infraction, as defined by the vehicle and traffic law, nor shall conviction therefor affect the credibility of such witness in any action or proceeding."

There is no dispute that these statutory provisions relating to "convictions" do not govern the admissibility of "pleas" of guilty to infractions in civil actions as admissions against interest. But they do reflect dramatically a legislative attention to the effect, and therefore to the weight, to be attached to proceedings in traffic infraction prosecutions.

The law is quite clear that criminal convictions may be admissible when logically relevant in civil cases under the rule in *Schindler* v. *Royal Ins. Co.* (258 N. Y. 310). There is no concern, therefore, with the problem of the conviction, after

---

* Actually the jury had learned during plaintiff's opening that there had been such pleas; but evidently this did not affect the verdict.

plea or after trial, for a misdemeanor, even a misdemeanor as provided in the Vehicle and Traffic Law.* In all these instances the conviction and the plea of guilty are, if otherwise relevant and competent, sufficiently probative to be admitted in evidence. This is so because the conviction is for crime and not merely for a traffic infraction.

The only detailed discussion of the problem in the use of a traffic conviction, as evidence, in a civil action arising from the traffic infraction, occurred in this court, in *Walther* v. *News Syndicate Co.* (276 App. Div. 169). The discussion was an incisive one and the case has properly become an eminent precedent.

In the *Walther* case, Mr. Justice CALLAHAN subsumed the problem under the rule in *Schindler* v. *Royal Ins. Co.* (258 N. Y. 310, *supra*). That rule, in turn, had its origin in *Maybee* v. *Avery* (18 Johns. 352), and even beyond. Under the rule a conviction of crime is admissible in a civil case against one of the parties where the criminal conviction must have rested upon the same facts involved in the civil case. In justifying the *Schindler* rule the Court of Appeals there said: "While a judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto, a valid judgment of conviction in a court of competent jurisdiction with all the safeguards thrown about a person accused of crime which enable him to make his defense, to examine witnesses and to testify in his own behalf, might be held free from collateral attack without exposing the law to the jibes and jests of the critics of our present system of administering justice." (258 N. Y. 310, 313.)

In discussing the rule, this court, in the *Walther* case, marked the very different situation which obtains with respect to traffic

---

* Thus, cases relied on in assuming that guilty pleas to infractions are admissible must be carefully read. So, *Stanton* v. *Major* (274 App. Div. 864) involved reckless driving, a misdemeanor under section 58 of the Vehicle and Traffic Law, and not a traffic infraction. Similarly, *Roach* v. *Yonkers R. R. Co.* (242 App. Div. 195) and *Max* v. *Brookhaven Development Corp.* (262 App. Div. 907) involved the misdemeanor of reckless driving. *Giessler* v. *Accurate Brass Co.* (271 App. Div. 980) involved a violation of section 1530 of the Penal Law, which is also a misdemeanor (Penal Law, § 1532). (*Accord*: *Barnum* v. *Morresey*, 245 App. Div. 798; *Loeper* v. *Roberts*, 199 Misc. 1095; *McDowell* v. *Birchett*, 126 N. Y. S. 2d 78.)

The confusion or, alternatively, the failure to make the essential distinction is not confined to this State. (See Anno: Conviction or Acquittal as Evidence, 18 A. L. R. 2d 1287, especially from 1307, and compare 4 N. Y. Jur., Automobiles, § 521.)

infractions. It called attention to the legislative policy expressed in the 1934 amendments. It was then held that a conviction for a traffic infraction after trial was not admissible because of its unreliability as a determination of the facts necessary to justify it. In other words, this court declined to apply a classification based merely upon a verbalization which associated a conviction for traffic infraction with a conviction for crime.

In the same case, however, Mr. Justice CALLAHAN observed that the holding was a narrow one, and that it might not apply where the conviction was against a plaintiff, as distinguished from the defendant party in the civil action, and also that it did not extend to the plea of guilty to the traffic infraction. The latter, it was observed, was admissible as a species of admission against interest — the view urged by plaintiff in this case. To support the dictum, which it was, there were cited *Stanton* v. *Major* (274 App. Div. 864, *supra*), and *Same* v. *Davison* (253 App. Div. 123).

As already noted, the *Stanton* case involved a misdemeanor and not a traffic infraction (n., *supra*). *Same* v. *Davison*, however, arising in the Fourth Department, did involve a traffic infraction; but the court, in holding the plea of guilty admissible, cited as its only authority the *Schindler* case (*supra*). There was no discussion such as involved Mr. Justice CALLAHAN so deeply in the *Walther* case with regard to the effect of a traffic infraction or the legislative policy which had already been expressed concerning its status and value.

Indeed, the significance of the *Walther* case is not so much that it was there observed that a plea of guilty to traffic infractions had been held admissible. The greater significance of the case is that every one of the grounds supplied why a traffic conviction after trial should not be admissible applies equally to the plea of guilty in a traffic infraction case. Its still greater significance is that it revealed a keen recognition that merely verbalizing a traffic infraction conviction as akin to a criminal conviction would not satisfy the test so pungently expressed by the Court of Appeals in the *Schindler* case (*supra*).

Nevertheless, the dictum in the *Walther* case was not without some effect. It was repeated, as a further dictum, in *People* v. *Formato* (286 App. Div. 357, 363–364, affd. 309 N. Y. 979). The *Formato* case, itself, involved pleas to nonmisdemeanor gambling offenses, a far cry from pleas of guilt to traffic infractions, and for which there was close precedent (cf. *Matter of Rechtschaffen*, 278 N. Y. 336). Again, in *Michitsch* v. *Stimfel* (7 Misc 2d 960), Special Term, in passing upon the relevancy

of an allegation in a pleading with respect to a plea of guilty to a traffic infraction, referred to the dictum in the *Walther* case, not without some reservations, however. Thus, the court quoted from the comment by this court in *Sims* v. *Union News Co.* (284 App. Div. 335, 339, per BERGAN, J.) that: " ' The case of the traffic infraction occupies a special place of its own; and under the public policy of the State it has no effect beyond the immediate motor vehicle penalty or disability incurred. (See discussion by CALLAHAN, J., in *Walther* v. *News Syndicate Co.* [276 App. Div. 169].) ' " (p. 962).* Assuredly, the multiplication of dicta by distinguished jurists is persuasive, indeed, but the issue nevertheless remains one of first impression in this court, if not at the appellate level in this State (depending, of course, on how one views the authority of *Same* v. *Davison,* 253 App. Div. 123, *supra*).

Shortly after the *Walther* case was decided, an excellent note discussing it appeared in the Cornell Law Quarterly (35 Cornell L. Q. 872 *et seq*.). In the note the history of the rule for the admission of criminal conviction in civil cases was discussed. Speaking of the traffic infraction, cogent argument was made for applying the rule of the *Walther* case not only to conviction after hearing but to the plea of guilty to a traffic infraction (see, also, n.: Effect of a Criminal Conviction in Subsequent Civil Suits, 50 Yale L. J. 499, 506, cited in the *Walther* case).

Whatever is wrong with the traffic conviction, as evidence of the facts upon which it technically rests, extends inexorably to the plea of guilty in a traffic proceeding. This is especially true when it is kept in mind that in this State there is no plea of *nolo contendere*. On this view, the recent comment by the National Conference of Commissioners on Uniform State Laws, with reference to the Uniform Rules of Evidence, has pertinence: " Despite the logic of this theory there is widespread opposition to opening the door to let in evidence of convictions particularly of traffic violations in actions which later develop over responsibility for damages. In other words, trials and convictions in traffic courts and possibly in misdemeanor cases generally, often do not have about them the tags of trustworthiness as they often are the result of expediency or compromise. To let in evidence of conviction of a traffic violation to prove negligence and responsibility in a civil case

---

* See, also, *Smith* v. *Minissale* (190 Misc. 114), a case decided before the *Walther* case but relying on both the *Schindler* and *Same* cases. It, too, involved no more than a question of the relevancy of an allegation in a pleading in a civil action.

would seem to be going too far and for that reason this rule limits the admissibility of judgments of conviction under the hearsay exception to convictions of a felony.'' (Drafter's comment to subd. 20 of rule 63 [1953], pp. 206–207.) So, too, in Richardson on Evidence (8th ed., pp. 335–336), after commenting on the rule in the *Walther* case (*supra*) it is said: '' In view of the fact that proceedings in a traffic court are not conducted with the same deliberation and care customary in a court with jurisdiction over a crime, and that a defendant in a traffic court does not defend with the effort and zeal of the average defendant in a criminal trial, it would seem sound public policy to exclude evidence of conviction in a traffic court, and this without regard to the party against whom it is offered.''

To return to the narrower question of the guilty plea: While there has been no direct statement on the precise issue by the Court of Appeals, it has had occasion to express its assessment of such a guilty plea. In *Matter of Hart* v. *Mealey* (287 N. Y. 39) the Commissioner of Motor Vehicles had revoked an automobile operator's license for reckless driving. After concluding that there was no other evidence to support the finding except the petitioner's plea of guilt to a traffic infraction, the court commented that '' the Legislature recognized the weakness of evidence of a traffic infraction as proof of facts which may have been involved '' (p. 43). It then made short shrift of the guilty plea. It said (p. 43): '' At the hearing before the Commissioner of Motor Vehicles the appellant's failure to object to its competency adds neither weight nor substance to evidence which the Legislature has declared a witness shall not be required to disclose. Giving this evidence the consideration to which it is entitled, we do not find it sufficient, when added to the uncontradicted testimony already outlined, to support a finding that at the time of the accident the appellant was guilty of ' reckless driving ' in violation of section 58 of the Vehicle and Traffic Law.''

The core of the *Hart* case is that the court found no probative evidence to satisfy the substantial evidence rule which prevails in administrative review (1 N. Y. Jur., Administrative Law, § 185). It, of course, did not hold that the evidence was improperly admitted because the exclusionary rules of evidence are not applicable in administrative proceedings (1 N. Y. Jur., Administrative Law, § 121). In a civil action, on the other hand, the court is concerned with the exclusionary rules of evidence and has the burden of determining whether evidence is not only competent and related to the issues, but of probative

value. The conclusion is, thus, inescapable that while the plea of guilty may be logically relevant, because of its reference to a fact in issue, it is utterly lacking in probative value. Otherwise the Court of Appeals could hardly have held as it did.

The root of the matter is that few have any confidence in the meaningfulness of the plea of guilty to a traffic infraction, as distinguished from a conviction after trial in Traffic Court. The plea and the nominal fine are just as likely, or more likely, to constitute a compromise or the yielding to the coercion of time and circumstances, rather than an admission against interest. Again, it should be recalled that the plea of *nolo contendere* is not available in this State. If conviction after trial lacks trustworthiness as proof of the facts found, it would seem a fortiori that a conviction based upon a plea of guilty has even less trustworthiness in that respect. That lack of trustworthiness is not transformed by nominal classification of the plea as a species of admission against interest.

Of course, there is an arguable logic which would require the admissibility of pleas of guilty to traffic infractions. This assumes that when a man stands up (if indeed he does) in traffic court and says "I plead guilty" he is admitting the facts charged against him to be true. If this were good logic it would still require pause. But it is neither good law nor good logic which ignores experience. And surely experience tells us that the plea of guilty to a traffic infraction rarely involves a conscious admission of guilt.

Nor is it any answer that the plea should come in as an admission and the jury should evaluate its weight in the light of any explanation the defendant might offer. If that were a good answer it would have been the answer, too, to the conviction after trial which is excluded under the rule in the *Walther* case (276 App. Div. 169, *supra*). The problem is whether the evidence of the plea has such minimal probative value as would entitle it to admission in a proceeding, and the problem is not by-passed by shifting the inquiry to the jury (1 Greenleaf, Evidence [16th ed.], p. 36; 1 Wigmore, Evidence [3d ed.], § 12; Richardson, Evidence [8th ed.], *op. cit.*, p. 3).

Not without significance in considering the problem is the fact of almost universal automobile liability insurance, so that the one who pleads guilty to a traffic infraction, assuming that he is at all aware of the ultimate legal effects of such a plea, does not share in the financial consequences which may follow. So, too, in this very case, while the plea of guilty was interposed by the operator of the car, the owner of the automobile

is also a defendant and would be affected by the admissibility of the guilty plea, the owner's liability being fixed by statute (Vehicle and Traffic Law, § 59).

Moreover, this case, better than most, illustrates the hazard of allowing the guilty plea to a traffic infraction to be admitted in evidence. The injured plaintiff is a policeman, and although the record does not reveal it, was probably the complainant in traffic court.

In the *Walther* case (*supra*) this court was empirical and acute enough to distinguish between a conviction after a criminal trial and a conviction after a traffic hearing. This court can be no less empirical and acute now in distinguishing between an admission against interest resting on a plea of guilt to crime and a plea of guilt to a traffic infraction.

On this view, the Trial Justice was eminently correct and realistic in excluding the guilty plea. Since this was the only error assigned, plaintiff's appeal should fail.

Accordingly, the judgment and the verdict and the order denying plaintiff's motion for a new trial should be affirmed, on the law and the facts, with costs to defendants-respondents.

McNALLY, J. (dissenting). I dissent and vote for the reversal of the judgment and for a new trial.

In this action for personal injuries, plaintiff-appellant assigns error in the exclusion of two convictions for traffic offenses arising out of the occurrence upon a plea of guilty.

On December 28, 1955, at or about 4:00 P.M., on a clear dry day, plaintiff, a police officer of the City of New York, operating a motorcycle, was struck by defendants' automobile at the intersection of Fifth Avenue near 110th Street, Borough of Manhattan, City of New York. Plaintiff's evidence was that defendant-respondent Edward Nichols, the operator of the automobile, made a left turn without prior warning and collided with plaintiff's motorcycle causing the injuries complained of.

On April 6, 1956, Nichols appeared in Manhattan Traffic Court and entered a plea of guilty to violation of subdivision 2 of section 110 of the Police Traffic Regulation (failing to make a proper turn) and section 97 (failing to signal before turning). The said violations arose out of the occurrence of December 28, 1955. On the trial of this action, the convictions of Nichols for the said traffic offenses were offered in evidence as admissions against interest and excluded. The sole ground of this appeal is that the trial court committed reversible error in excluding said evidence.

*Schindler* v. *Royal Ins. Co.* (258 N. Y. 310) and *Matter of Rechtschaffen* (278 N. Y. 336) establish that evidence of a conviction is admissible against a party as prima facie proof of the facts involved. In *Walther* v. *News Syndicate Co.* (276 App. Div. 169), this court observed that *Schindler* and *Rechtschaffen* involved cases in which the party convicted was seeking to obtain an advantage despite his own wrongdoing. In *Walther,* the court had before it and passed upon the admissibility of a conviction of the defendant after trial for a traffic offense solely in respect of the defense of the action. After an exhaustive review of the authorities, including *Schindler* and *Rechtschaffen,* *Walther* concluded there was no controlling authority in this State and that this court was free to determine whether or not proof of a defendant's conviction after trial for a traffic infraction arising out of the event is admissible against the defendant in a suit for personal injuries grounded in negligence. This court there held that the certificate of the defendant's conviction after trial for a traffic infraction arising out of the occurrence was not admissible as primary evidence to establish negligence in a civil action. *Walther,* however, expressly reserved the question whether the rule should be the same or different as to the plaintiff in a negligence action who has been convicted after trial of a traffic offense. In addition, *Walther* (p. 176) distinguished and approved of the admissibility of a conviction grounded upon a plea of guilty to violation of traffic laws or rules.

In *Stanton* v. *Major* (274 App. Div. 864), the Appellate Division, Third Department, held admissible against the defendant a certified copy of the record of conviction entered on his plea of guilty to a charge of reckless driving as prima facie evidence of negligence. In *People* v. *Formato* (286 App. Div. 357) the same court (pp. 363–364) concluded that *Walther* v. *News Syndicate Co.* (*supra*) is authority for the proposition that a conviction for a traffic infraction on a plea of guilty is admissible against the defendant as an admission against interest. In *People* v. *Formato* (*supra*) the court held admissible against the defendant as primary evidence thereof convictions of prior gambling offenses upon a plea of guilty.

In *Same* v. *Davison* (253 App. Div. 123) the Appellate Division, Fourth Department, held admissible against a defendant in a civil suit a plea of guilty to a violation of a city ordinance in an action for negligence.

In *Max* v. *Brookhaven Development Corp.* (262 App. Div. 907), the Appellate Division, Second Department, relying upon

*Roach* v. *Yonkers R. R. Co.* (242 App. Div. 195), held inadmissible against a defendant a certificate of conviction upon a plea of guilty to a charge of reckless driving in respect of the accident involved. However, in *Giessler* v. *Accurate Brass Co.* (271 App. Div. 980) that court expressly overruled *Roach* v. *Yonkers R. R. Co.* (*supra*) and held that proof of the defendant's conviction upon the charge of maintaining the nuisance alleged in the complaint would be admissible as prima facie evidence of the facts involved in an action to enjoin the defendant from operating the factory in such a manner as to constitute a nuisance.

The public policy underlying *Walther* v. *News Syndicate Co.* (*supra*) with respect to the inadmissibility of a conviction after trial for a traffic offense is irrelevant to the question of the admissibility of an admission or declaration against interest evidenced by a plea of guilty. Section 355 of the Civil Practice Act, found to be the expression of public policy in *Walther* v. *News Syndicate Co.* (*supra*), proscribes impeachment of a witness by means of a conviction for a traffic infraction. The court there said (p. 174): "It is true that this statute relates only to the matter of impeachment of a witness, and not to the probative force of a prior judgment of conviction for a traffic violation. Nevertheless, the rule of public policy thus declared seems to go beyond the mere question of privilege or credibility of a witness. As was noted in *Matter of Hart* v. *Mealey* (287 N. Y. 39, 43, *supra*), 'the Legislature recognized *the weakness of evidence of a traffic infraction as proof of facts which may have been involved*' (emphasis supplied)."

Nevertheless, the court there distinguished a plea of guilty from a conviction after trial as follows (p. 176): "This case must also be distinguished from those situations in which evidence of conviction on a plea of guilty to violation of traffic laws or rules of the road is admissible against the defendant in a civil action. In such cases the record or proof of the defendant's guilty plea is received not as a judgment establishing a fact or the truth of the facts in support of the charge of negligent driving, but as a declaration or admission against interest."

Section 355 of the Civil Practice Act has no application to a declaration or admission against interest. Consequently, the public policy relied on in *Walther* v. *News Syndicate Co.* (*supra*) does not affect the question of the admissibility of a declaration or admission against interest.

In a civil action admissions against interest by a party are evidence against him and the only relevant considerations are

were they made and their effect. (*Gangi* v. *Fradus*, 227 N. Y. 452; *Nagel* v. *Paige*, 264 App. Div. 231; *Jacobs* v. *Gelb*, 271 App. Div. 101.) We believe that there is sound logic in holding that an admission by a party, whether by plea of guilty or otherwise, is admissible and a proper subject for jury consideration. Assume, for example, that during the course of a trial a witness admits he committed an act in violation of a statute or ordinance, it could not be reasonably argued the admission would not be admissible against him in the subsequent trial of an action to which he was a party. There is no sound basis for according less probative force to an admission against interest in a judicial proceeding than to one made extrajudicially, as was the fact in *Gangi* v. *Fradus* (*supra*).

There is no issue in the case at bar with regard to the making of the admissions. The sole issue is as to their probative value or weight and this is exclusively within the province of the jury. If, as suggested by the trial court, the guilty pleas were prompted by considerations destructive of the probative value of the facts thereby admitted, such as the defendant's desire to avoid expenditure of time incident to a trial or the practical consideration of paying a small fine as opposed to incurring the substantial expense of a trial, they are matters for the consideration of the jury in determining the probative value or weight to be assigned to the pleas of guilty. There are many considerations which may prompt a plea of guilty to a traffic offense which may detract from the credibility of the facts thereby admitted. However, these are circumstances which are properly submitted to the jury for their consideration under appropriate instructions. No public policy is offended by the admission of the declarations against interest.

In *Gangi* v. *Fradus* (*supra*, pp. 456–457) the court set out the elements determinative of the effect of admissions as follows: "If found to exist, the jury in determining their effect, or probative value or weight, must apply to them the rule of reason. The effect they have, in reason and sound judgment, upon the mind of the jury, in view of their language, character, the time when and person to whom they were made, the circumstances and conditions attending their making, and the other facts in evidence, is the effect they should have upon the claim of the party. In case they were made in ignorance of the facts or in an abnormal state of mind, or were based in part upon mere opinion, or were made casually or thoughtlessly or insincerely, or under like or analogous conditions or circumstances, they may, in reason, deserve slight consideration or value or none

at all. In case they were made understandingly and deliberately, are of pure fact within the knowledge of the declarant, and were made under conditions and circumstances conducive to veracity, and are not overborne by the other facts in evidence, they may, in reason and sound judgment, establish a cause of action or a defense. Whether they are of the one class or the other, or intermediate, is for the determination of the jury. The effect they shall have upon the issues being tried is for their determination. The trial justice may not instruct as to the rank assignable to them or the influence to be yielded by them. The jury may accept a part as true and put aside a part as not true. In those respects the law has no gauge. The jury shall determine whether or not they were made; if made, the conditions and circumstances under which they were made and the effect thereof, and their probative weight and value, which may range from the lowest, or none at all, to conclusiveness. The trial justice may profitably and without error, as the evidence justifies, bring to the jury's attention and guidance the rules of law that the probative effect and value of an admission depend upon the conditions and circumstances under which they were made, the time which has since elapsed and the cogency or reasonableness of the explanation, if any, of the making and other like grounds or conditions."

The jury's verdict was 10 to 2 and the only witnesses who testified in respect of the occurrence were the plaintiff-appellant and the defendant-respondent Nichols. Under these circumstances, it cannot be said it was not prejudicial to exclude the admissions against interest of the defendant-respondent Nichols.

VALENTE and STEVENS, JJ., concur with BREITEL, J. P.; McNALLY, J., dissents and votes to reverse in opinion in which M. M. FRANK, J., concurs.

Judgment affirmed, with costs to the respondents.