■ SEBASTIAN COPPOLA et al., Appellants, v. FRANK C. RISEDORPH, Respondent. (Appeal No. 1.) — Judgment unanimously reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. Memorandum: On February 21, 1967 at about 10:30 A.M. plaintiff Sebastian Coppola was operating his car in a southerly direction on a Pennsylvania highway with his wife, plaintiff Domenica Coppola, a passenger. The road was straight, level and dry. and its three traffic lanes were marked by highway stripes. Prior to the accident, in which plaintiffs' vehicle collided with defendant's car, the latter had been traveling in a northerly direction intending to make a left turn to go to a souvenir shop on the west side of the highway. The critical issue presented at the trial was the location of the vehicles at the time of the impact. Mr. Coppola testified that the collision occurred in the southbound lane after defendant had turned in front of him without signaling and that the Coppola vehicle moved a foot or two after the impact. Mrs. Coppola was not looking ahead and had no recollection of the accident. Defendant testified that the collision occurred in the center lane as he was stopped waiting to make the left turn. The speed limit in this area was 55 miles an hour. The investigating trooper testified that both cars were in the southbound lane immediately after the collision, that plaintiffs' car had laid down two 35 foot skid marks in the middle of the 11 foot southbound lane directly behind the car, that mud and dirt from underneath the car, pieces of glass and iron that were broken loose from the vehicles and radiator solution were in the middle of the southbound lane, and that the heaviest damage was to the right front of defendant's car and the left front of plaintiffs' car. He further stated that defendant told him at the scene that he was following a tractor trailer, turned out to get into the middle lane and then attempted to cross the highway into the souvenir shop area adjacent to the southbound lane when the collision occurred. Defendant was charged with failure to yield one half of

the highway and pleaded guilty as charged. Upon the record as a whole, the nonunanimous verdicts of no cause for action were palpably wrong and against the weight of the credible evidence; the preponderance of proof was so great in favor of plaintiffs that the jury could not have reached its conclusion upon any fair interpretation of the evidence. Defendant's plea of guilty that he failed to yield one half of the highway was an admission that he was in the southbound lane at the time of the collision (*Ando* v. *Woodberry,* 8 N Y 2d 165) and was prima facie evidence of the facts involved (*Same* v. *Davidson,* 253 App. Div. 123). The testimony by plaintiff driver that the accident occurred in the southbound lane while defendant was making a left turn in front of him was further corroborated by the trooper's recital of defendant's admission to him at the scene of the accident and by the physical evidence as observed by the trooper, a disinterested witness. Moreover, the skid marks, which were all in the southbound lane, established that the verdicts denying recovery to plaintiffs were against the great weight of the evidence (*Neckers* v. *Larson,* 265 App. Div. 1033). Plaintiff driver had the right to assume that a car coming in the opposite direction would not make a left turn and swerve into the southbound lane directly in front of him; it was defendant's duty to yield the right of way (*Stevens* v. *Clark,* 2 A D 2d 791). No evidence was offered to warrant a finding of contributory negligence on the part of plaintiff passenger and the court so charged on at least two occasions. Any conclusion by the jury that plaintiff driver was guilty of contributory negligence, predicated upon testimony by a co-occupant of the hospital room in which defendant's wife was confined, would also be against the weight of the credible evidence. That witness testified that she heard plaintiff driver tell defendant's wife that "he knowed that they were stopped, and he was passing another car and he couldn't see them", and also on several occasions heard him tell her that he was going approximately 75 to 80 miles an hour. The physical proof itself, the fact that plaintiffs' car was in the southbound lane and moved only a foot or two after the impact and the fact that defendant's wife, to whom these admissions purportedly were made, testified that the only thing Mr. Coppola said about the accident was that he was sorry it happened and that he made no other statement to her as to the actual happening of the accident, all cast serious doubt on the credibility of the testimony given by this witness. (Appeal from judgment of Oneida Trial Term dismissing complaint in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.