## In re OSHKOSH FOUNDRY CO.

District Court, E. D. Wisconsin.
Aug. 3, 1939.

Laus & Cook and L. J. Cook, all of Oshkosh, Wis., for Trustee of Oshkosh Foundry Co.

Winfield V. Alexander and Albert D. Nohr, both of Madison, Wis., for Wisconsin Industrial Commission.

DUFFY, District Judge.

The Oshkosh Foundry Company was adjudicated bankrupt on August 12, 1937. On January 4, 1939, the Industrial Commission of Wisconsin filed its claim for unemployment compensation benefits under the provisions of Chapter 108 of the Wisconsin Statutes. This chapter is entitled "Unemployment Reserves And Compensation." The claim filed covered unemployment insurance contributions which accrued for December, 1936, and January, 1937. The Commission contended that said claim was entitled to priority as a tax, under section 64a(4) of the Bankruptcy Act, 11 U.S.C.A. § 104(a)(4), which provides: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (4) taxes legally due and owing by the bankrupt to the United States or any State or subdivision thereof."

The trustee filed formal objections to the filing of said claim on two grounds: (1) that same is not a tax; (2) that said claim was not offered for filing within the time limited by law for the filing of claims against said bankrupt estate. The Industrial Commission filed an amended proof of claim, alleging the consideration for said debt is the statutory liability created by Chapter 108 of the Wisconsin Statutes.

The referee determined that unemployment compensation contributions under Chapter 108, Wisconsin Statutes, are not taxes, and that said claim was not entitled to priority. The Commission duly filed a petition for review of the Referee's decision by this court.

■■■ Under the provisions of the Bankruptcy Act, prior to the passage of the Chandler Act on June 22, 1938, it was not necessary for any claim for taxes to be filed within any specified length of time. The Chandler Act was passed four months after the limitation for creditors to file their claims in this matter had expired. Therefore, if the claim of the Industrial Commission was for a tax, as contemplated by Section 64a (4) of the Bankruptcy Act, 11 U.S.C.A. § 104(a) (4), it was filed in proper time.

The only question seriously argued before this court is whether the unemployment compensation contributions are, in fact, a tax within the meaning of the word as used in the section of the Bankruptcy Act hereinbefore quoted.

■■■ There are many decisions by the courts giving various definitions of a tax. Some decisions narrowly restrict the meaning of the word, but there is nothing in the provisions of the Bankruptcy Act which justifies any such restricted definition. The words there used are: "* * * (4) taxes legally due and owing by the bankrupt to the United States or any state or any subdivision thereof."

There is no justification in such language for a definition in a narrow or restricted sense. Many taxes under other names have been levied for special purposes, which nevertheless have been held by the courts to be for a public purpose, and have been designated as a tax.

Wisconsin was the pioneer in the field of unemployment compensation; it was the first State to enact such a law. Chapter 108 of the Wisconsin Statutes, entitled "Unemployment Reserves And Compensation", went into effect prior to the passage of the Federal Social Security Act, 42 U.S.C.A. §§ 301–1305.

A careful examination of Chapter 108 leads inevitably to the conclusion that the

414

framers of this legislation were very apprehensive that a tax levied for unemployment relief might be declared unconstitutional by the courts. They went to great lengths to avoid designating as a tax the payments to be made by employers. The word "tax" does not appear anywhere in the chapter with reference to the compulsory payments which employers are required to make.

It may well be argued that it is unfair for the State of Wisconsin to have so framed this law that the argument could be made that the contributions required were not a tax, and then later, in order to obtain a priority in a bankruptcy proceeding, ask the court to declare such contributions to be a tax. That is blowing hot and cold. Furthermore, the statute itself, Sec. 108.23, makes provision as to priority when it states: "In the event of an employer's * * * bankruptcy * * * the payments required of the employer under this chapter shall have preference over all claims of general creditors and shall be paid next after the payment of preferred claims for wages." The trustee contends with some justification that this is not the priority that would be accorded a tax; that if, in fact, a tax was intended, there would have been no necessity for this provision.

Nevertheless, in spite of the legislative maneuvering mentioned, the fact remains that the Wisconsin Unemployment Compensation Act is an integral part of a co-ordinated Federal-State system of unemployment taxation. The Wisconsin Act was amended in 1935 to conform to the Federal Social Security Act. There is no question that Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq., provides that the payments made thereunder by employers are taxes. In fact, the Federal Government can only legislate for the general welfare through its power to tax and spend for that purpose. The Social Security Act was held constitutional by the United States Supreme Court in Steward Machine Company v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293.

■ The contributions required by employers under the Wisconsin Act are a pecuniary burden imposed by the authority of the State of Wisconsin. They are in no sense a voluntary payment or donation. They are made for a public purpose. See Carmichael v. Southern Coal & Coke Com-

pany, 301 U.S. 495, 515, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327.

In Buckstaff Bath House Co., v. McKinley, Commissioner, 1939, Ark., 127 S.W. 2d 802, 806, the court said: "The Legislature had the right to require that employers make contributions in the manner provided by Act 155. The National Social Security Act denominates the contribution 'an excise tax levied on employers.' That the required payment is referred to in our Act 155 as a 'contribution' is of no significance. It is a compulsory contribution, and therefore a tax."

■ Although the Legislature did not designate the contributions as a tax, nevertheless the compulsory payments made for a public purpose come within a definition of a tax as is stated in 61 C.J. 68: "* * * the essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. * * *"

In Houck v. Little River Drainage District, 239 U.S. 254, 36 S.Ct. 58, 61, 60 L.Ed. 266, it is stated: "A tax is an enforced contribution for the payment of public expenses. It is laid by some rule of apportionment according to which the persons or property taxed share the public burden, and whether taxation operates upon all within the state, or upon those of a given class or locality, its essential nature is the same."

It is apparent that a number of the State Unemployment Compensation Acts designate the payments to be made by employers as contributions. See Buckstaff Bath House Company case, supra, hereinbefore quoted.

The question arose as to the meaning of the word "contribution" under the Mississippi Unemployment Compensation Act and the Supreme Court of that State in Texas Company v. Leon L. Wheeless et al., Miss., 187 So. 880, 888, held: "Moreover, the Act here in question imposes the contributions on an employer as an excise tax. The Federal Social Security Act § 901, 42 U.S.C.A. § 1101, so defines it, and the United States Supreme Court so construes it * * *."

■ Counsel for the trustee urges that a separate account is kept by the Industrial Commission for each employer contributing to the fund, and that if the business of any employer is transferred, the transferee

succeeds to the rights of the transferor with reference to the balance of the account in said fund; and the argument is made that the employer, therefore, has a proprietary interest in the fund to which he contributes and that if the payments were a tax, this would not be the case. The act, of course, was passed for the benefit of the employees. In the case of a successor employer, it is the employees who have an interest in the fund; the employer could not withdraw anything from the fund for his own benefit. Under certain circumstances he may have a smaller contribution to make, but simply because the employees of the prior employer are given certain rights does not in any way change the nature of the contribution which the employer may be called upon to make. The employers do not contribute to individual reserve funds. They actually make their payment into the Wisconsin Unemployment Reserve Fund, and the individual accounts which are kept are merely a bookkeeping device for the purpose of establishing the contribution rate which the employer must pay.

Therefore, the employer contributions, which must be made by employers under the provisions of Chapter 108, Wisconsin Statutes, are a tax within the meaning of Section 64a (4) of the Bankruptcy Act. Claims based upon any such unpaid contributions are entitled to priority.

The decision of the referee is reversed, with instructions to allow the claim of the Industrial Commission and to give it priority as a tax owing by the bankrupt to the State of Wisconsin.