THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
NORMAN W. MINUSE, Appellant.

First Department, April 12, 1948.

*Stanley Ide La Cov* for appellant.

*Samuel A. Hirshowitz, Assistant Attorney-General* of counsel (*Wendell P. Brown, Solicitor-General,* with him on the brief; *Nathaniel L. Goldstein, Attorney-General* of the State of New York, attorney), for respondent.

SHIENTAG, J.  The ten-year Statute of Limitations applies to an action brought by the Attorney-General for an injunction under article 23-A of the General Business Law, commonly known as the Martin Act (Civ. Prac. Act, §§ 53, 54; General Business Law, §§ 352, 353, 357).  The statutory period of limitations is computed from the time the right to relief by action accrued, that is, from the time of the commission of the fraudulent practices, not from the time they were discovered by the Attorney-General.  The statute is tolled only in the manner prescribed in the Civil Practice Act (*Engel* v. *Fischer,* 102 N. Y. 400, 403; *Troup* v. *Smith,* 20 Johns. 33, 45, 47, 48; see particularly section 19 of the Civil Practice Act dealing with the tolling of the statute because of the continuous absence of a defendant from the State for the period of four months or more).

Defendant, with others, was indicted in the United States District Court for the Southern District of New York on October 26, 1938, for conspiracy to violate certain provisions of the Securities and Exchange Act of 1934 (U. S. Code, tit. 15, § 78a, as amd.) the indictment charging that the conspiracy continued from the 15th day of October, 1935, down to and including the date of the filing of the indictment.  The conspiracy charged in the indictment was to violate provisions of the law referred to, in relation to the creation of a false or misleading appearance of active trading, in a stock known as " Tastyeast ", on the New York Curb Exchange and creating a false and misleading appearance with respect to the market for that stock.  Twelve separate and distinct overt acts were charged in the indictment, in pursuance of the conspiracy, the first overt act being alleged to have occurred on December 6, 1935, and the last overt act on July 30, 1936.

Defendant was convicted in 1940, in the Federal court, of the crime charged in the indictment; that conviction was reversed the same year for errors committed on the trial (114 F. 2d 36, 38); he was again tried and again convicted in 1943 (the jury unanimously recommending clemency) and this conviction was affirmed by the Circuit Court of Appeals (142 F. 2d 388) and certiorari to the Supreme Court of the United States

denied in 1944 (323 U. S. 716). He was sentenced to serve fifteen months in a Federal prison outside of this State, commenced his service on December 4, 1944, and was released on parole on May 15, 1945. Except for this period of service in the Federal prison, there is no direct evidence as to how long, at or about that time, defendant was continuously absent from the State.

The Attorney-General commenced this action for injunction on or about February 27, 1947. As the learned court below held, the indictment and conviction in the Federal court, which were received in evidence in this civil action, did not, in and of themselves, constitute fraudulent practices as defined by the Martin Act; but the judgment of conviction was prima facie evidence of the commission of the crime of conspiracy as charged in the indictment.

Moreover, the judgment of conviction was prima facie evidence, in this action, that the conspiracy charged in the indictment continued down to the date of its filing (cf. *Local 167* v. *United States*, 291 U. S. 293, 298), that is, down to and including October 26, 1938. There is nothing in *People* v. *Hines* (284 N. Y. 93, 112-114) which holds to the contrary. In that case it was decided that since no agreement to commit a crime, of the kind here involved, amounts to a conspiracy unless some act be done to effect the object thereof, the crime is not complete until the doing of an overt act; and that, therefore, it followed that an indictment for conspiracy must contain the allegation of at least one overt act within the period of limitations (Penal Law, § 583; Code Crim. Pro., §§ 142, 398). This was true notwithstanding the fact that under section 398 of the Code of Criminal Procedure, on the trial, " any other overt act not alleged in the indictment, may be given in evidence."

The indictment here clearly alleged an illegal conspiracy together with overt acts in furtherance thereof within the statutory period of limitations specified in the Federal penal law.

Even if it be assumed that the conviction merely established prima facie, for the purposes of the civil action, that defendant was guilty of the crime of conspiracy without establishing in any way the period of continuance of the conspiracy, the rule is that a conspiracy once shown is presumed to continue until the party seeking to be relieved from its consequences has dissociated himself from it. Defendant testified in the civil action to the effect that he and his firm had so dissociated themselves from the conspiracy on May 28, 1936, and no evidence

of any kind was offered in contradiction of that testimony. Moreover, it was open to the Attorney-General to show on the trial below overt acts, in furtherance of the conspiracy, on the part of defendant occurring later than the date of the last overt act alleged in the indictment. It was error, therefore, for the court below to have rejected defendant's testimony on this point, particularly in view of the fact that it is common knowledge that allegations of the continuance of a conspiracy down to and including the date of the indictment are generally *pro forma* in character.

The judgment below, accordingly, should be reversed and a new trial ordered with costs to the appellant to abide the event.

In view of this disposition, we do not pass upon the point, strongly urged by appellant, that in any event, if it be found that the action for an injunction is not barred by the statute of limitations, the injunction itself should be modified in its scope.

PECK, P. J., DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.