JOHN W. SIMS, Respondent, v. UNION NEWS COMPANY, Appellant.

First Department, July 1, 1954.

*Rogge, Fabricant & Gordon* for respondent.

*Bernard Meyerson* of counsel (*Richards W. Hannah,* attorney), for appellant.

BERGAN, J. Plaintiff sues the defendant Union News Company for assault and malicious prosecution arising from occurrences in the defendant's bus station at Columbia, South Carolina. The complaint alleges the assault was committed by Vernon Cassidy, an employee of defendant, acting in furtherance of his employment.

It is alleged that Cassidy was following defendant's policy not to serve members of the Negro race in its restaurant; that a refusal to serve plaintiff resulted in inquiry and discussion which, in turn, led to the assault of plaintiff by Cassidy.

The second paragraph of the complaint alleges, merely, that " The plaintiff is a Negro ". Defendant moved to strike out this allegation as irrelevant, unnecessary and prejudicial. The motion was denied at Special Term.

Usually the mere allegation of the religion or race of a party would be irrelevant to a cause of action for assault; and defendant correctly argues that the New York Civil Rights Law would be inapplicable to a cause arising in South Carolina.

Defendant asks that we take judicial notice on this motion, in pursuance of Civil Practice Act (§ 344-a, subd. D) of the South Carolina statute which expresses a public policy contrary to that of New York and provides that it is a misdemeanor to serve white and Negro passengers in the same room at a station restaurant (5 South Carolina Code of Laws [1952], § 58–551).

But even a private policy to follow a regulatory statute does not justify assaults by private persons; and we assume this would be true as well in South Carolina as elsewhere. It is a misdemeanor in New York, for instance, to sell tickets for an entertainment by a benevolent society without the written permission of its officers attested under seal (Penal Law, § 945). No doubt private persons could make it a policy of conduct to encourage compliance with this law; but we would

not listen to this as being warrant for an assault, not otherwise justified, arising out of an argument about such compliance.

Therefore, the allegation that plaintiff is a Negro pleaded in connection with defendant's policy of exclusion of Negroes from its restaurant in pursuance of which the assault is pleaded seems a relevant allegation and the Special Term was justified in letting it stand.

The argument that this statement alone is prejudicial is not persuasive when it is also seen that defendant makes no attack on the further paragraph in the same pleading alleging that plaintiff was assaulted as the result of following defendant's policy not to serve members of the Negro race. This would stand in the pleading under the form of defendant's motion even though the naked statement of plaintiff's status as a Negro went out of the complaint.

In the cause of action for malicious prosecution it is pleaded that Cassidy, acting in furtherance of his employment with defendant, falsely and without just cause charged plaintiff with the commission of " a crime " and " caused " plaintiff to be arrested on charges of disorderly conduct, assault and battery and that these charges were dismissed by the South Carolina court.

It is alleged that " at that same time " Cassidy was found guilty " of charges of assault and battery." If it be assumed, as it may possibly be assumed by reading the pleading in its most favorable light, that the pleader intended to set forth that from the very same act for which Cassidy had prosecuted plaintiff in the criminal proceeding Cassidy had himself been convicted by the court, proof of such a conviction might become admissible on the trial under limited circumstances with which we will deal.

But even if admissible as evidence it is not good pleading because the conviction of Cassidy for contemporaneous assault is not an ultimate fact to be established by plaintiff as part of his cause of action. The tort on which plaintiff bases his action is not the wrong committed in the restaurant, but the wrong committed by the institution of the criminal action.

The cause is well pleaded when plaintiff shows his own acquittal on the charge and shows that the complaint against him was born in malice. The malice will be inferred if the charge is shown to have been falsely made. The evidentiary fact of the complainant's conviction is not well pleaded.

We find it useful to add, however, that in our view of the case proof of the conviction of Cassidy may become admissible

on the trial and our order striking the allegation as a matter of poor pleading ought not to foreclose the question of admissibility on the trial.

What constitutes an actionable abuse of the criminal processes of South Carolina depends upon the substantive municipal law of that State. This is the rule of *lex loci* to which judicial opinions frequently refer. In determining whether the necessary conditions of actionable tort have been met, the court in New York would be bound to ascertain and apply the substantive South Carolina rule governing the cause of action that arose there. But on the adjective side of the case, and that would include the admissibility of evidence as well as procedural form, we would follow our own law.

The general distinctions are stated according to the prevailing law of nearly all jurisdictions of the United States in Corpus Juris Secundum (Vol. 1, Actions, § 2). One aspect or another of the application of the principle is illustrated in New York in *Hutchison* v. *Ross* (262 N. Y. 381); *Matter of Gantt* (*Hurtado & Cia.*) (297 N. Y. 433); *McConnell* v. *Caribbean Petroleum Co.* (278 N. Y. 189); *Perkins* v. *Guaranty Trust Co.* (274 N. Y. 250); *Mertz* v. *Mertz* (271 N. Y. 466); *Jewtraw* v. *Hartford Acc. & Ind. Co.* (280 App. Div. 150) and *Dorff* v. *Taya* (194 App. Div. 278).

Under the New York rule as it has been evolved we would regard proof of the conviction of Cassidy for assault admissible in the action for malicious prosecution against his employer based on Cassidy's resort to the criminal process under which plaintiff was arrested if the Trial Judge were satisfied from the proof before him of two conditions: (a) that the assault of which Cassidy was convicted was an integral part of the incident for which plaintiff was arrested on Cassidy's complaint; and (b) that Cassidy's act of assault was in furtherance of defendant's purpose or policy and in the course of his employment. Entirely aside from the question of admissibility of this evidence it would, of course, be necessary for plaintiff to show as part of his case against this defendant that the criminal prosecution instituted by Cassidy was itself in the course of employment and in the interest of the defendant.

The leading New York authority is *Schindler* v. *Royal Ins. Co.* (258 N. Y. 310) where in an action by an assured to recover under a fire insurance policy, proof of plaintiff's criminal conviction for presenting false and fraudulent proof of loss was held to be prima facie evidence in the civil action between the assured and insurer of the facts established in the criminal court.

In *Matter of Rechtschaffen* (278 N. Y. 336) proof of the conviction of a husband as a disorderly person for abandoning his wife without adequate support was held admissible on the issue before the Surrogate whether he had refused or neglected to provide for her.

In a civil action for recovery for assault it has been held error to exclude proof of plaintiff's conviction in a criminal court on the same assault, and a new trial was ordered in view of this exclusion in *Everdyke* v. *Esley* (258 App. Div. 843). See, also, *People* v. *Minuse* (273 App. Div. 457) on the effect of conviction for conspiracy on a subsequent civil action based on the conspiracy; and as to nuisance, *Smith* v. *Minissale* (190 Misc. 114).

There are some cases in New York the other way. One is *Roach* v. *Yonkers R. R. Co.* (242 App. Div. 195 [1934]) in which it was held that proof of a conviction of a defendant for reckless driving in an action for negligence arising out of the same event was inadmissible. It is true that this was decided on a ground which interpreted the *Schindler* case very narrowly and before the decision in *Matter of Rechschaffen* in 1938 which broadened somewhat the admissibility of evidence of criminal conviction. As late as 1941 it was decided by the same court in *Max* v. *Brookhaven Development Corp.* (262 App. Div. 907) that a certificate of conviction for reckless driving of the operator of defendant's automobile was inadmissible on the authority of *Roach* v. *Yonkers R. R. Co.* In 1947, however, in *Giessler* v. *Accurate Brass Co.,* (271 App. Div. 980) the court decided that *Roach* v. *Yonkers R. R. Co.,* would not be regarded as authority to exclude proof of defendant's conviction for maintaining a nuisance in an action for injunction based on nuisance.

The direction of New York law seems to be attuned toward a rule of admissibility where the conviction establishes an area of fact as to a party or as to an employee acting under direction of a party upon a subject matter germane to the issue tried in the subsequent civil action. The case of the traffic infraction occupies a special place of its own; and under the public policy of the State it has no effect beyond the immediate motor vehicle penalty or disability incurred. (See discussion by Callahan, J., in *Walther* v. *News Syndicate Co.* [276 App. Div. 169].)

The opinion in the *News Syndicate* case dealt also with the separability of employer and employee on admissibility of a conviction arising from the operation of a motor vehicle. It has been said that proof of such a conviction is not admissible

because the plea is not part of the *res gestae* and not otherwise binding on the employer (*Glasier* v. *Troanovitch,* 264 App. Div. 940) and to some extent the objection to the proof in *Max* v. *Brookhaven Development Corp.* (262 App. Div. 907) seems based on this difference of parties in the criminal and in the civil actions.

But these residual rules of exclusion in their underlying logic rest upon the consideration that the employer neither asks nor expects his chauffeur to drive in criminal recklessness or to commit a crime on the public highway with the vehicle; and if it were shown that the criminal act was in pursuance of a policy which the employer directed the employee to follow and for which he would risk the usual responsibility, the hedges of separability between the party to the civil action and the party affected by the criminal conviction would disappear.

In the case now before us the wrongful resort to the South Carolina criminal court by defendant's employee is charged in this action to have been in the course of employment and in pursuance of the defendant's business. Since the gravamen of the crime is the malice with which the criminal charge was laid, it seems to us not unreasonable that it be shown that the man who instituted prosecution in defendant's business was himself guilty of the very crime charged in the same transaction and in pursuance of the same business.

Since it is a part of the plaintiff's case on the question of malice to show his acquittal, it seems reasonable to suppose that the converse of this, the complaining party's conviction, would be admissible as evidence on the same subject upon showing identity of circumstance in the adjudication. That the concept of the effect of plaintiff's acquittal as a prerequisite for the action for malicious prosecution is not entirely static is suggested by *Johnson* v. *Girdwood* (143 N. Y. 660) where the action was held to lie even when plaintiff alleged he was misled into pleading guilty to the criminal charge, and hence, of course, where he could not plead an acquittal. If the concept of proof of malice is thus elastic, the converse of it by proof of conviction of the accuser under appropriate circumstances would seem equally open.

It sometimes serves a useful purpose to pass upon the admissibility of proof by allowing evidentiary allegations in a pleading to stand when the evidence would be deemed admissible, even though the pleading is bad in form for not showing ultimate facts necessary to the cause. In this case, however, because of

the dependency of admissibility upon the proof as it may develop on the trial, we regard it to be preferable to strike the allegations of the pleading and to indicate the circumstances under which the proof would become admissible.

The order should be modified in the respects indicated and, as modified, affirmed.

BREITEL, BASTOW and BOTEIN, JJ., concur; CALLAHAN, J. P., concurs in result.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.