James C. O’Brien, J.
The three warrants filed are for amounts of contributions to the State Unemployment Insurance Fund due from petitioner, unpaid.
Although these contributions are not called “ taxes ” in the Labor Law, they have been held to be taxes. (W. H. H. Chamberlin, Inc. v. Andrews, 271 N. Y. 1, affd. 299 U. S. 515; Matter *261 of Bank of Manhattan Co. [Murphy], 293 N. Y. 515; Guaranty Trust Co. v. State of New York, 299 N. Y. 295.)
Whether or not unpaid contributions of this character are “ taxes ” within the meaning of section 35 of title 11 of the United States Code is a Federal question. If they are such they are not provable debts and were not discharged by the petitioner’s bankruptcy discharge. Neither counsel has, nor have I, been able to find a controlling precedent.
However, on the basis of the language of section 35 and of the cases hereinafter cited I have concluded that these contribution are “taxes” within the meaning of the bankruptcy statute (Matter of Lange Co., 159 F. 586; City of New York v. Feiring, 313 U. S. 283; United States v. New York, 315 U. S. 510) and were not discharged.
The motion is denied, without costs.