KATY COFINAS et al., Respondents-Appellants, v. DEPOT CONSTRUCTION Co., INC., Appellant, and CITY OF NEW YORK et al., Respondents.—

The verdict of the jury in favor of the last-mentioned defendants is sustained by the evidence and the plaintiffs complain of no error entering into such verdict. There was material and prejudicial error in the receipt of testimony concerning the issuance of a

summons to the appellant Depot Construction Co., Inc., for violation of city Administrative Code regulations for removal of snow and ice from the sidewalk by the adjoining property owner or occupant. The testimony of the officer as to the issuance of a summons by him to the appellant Depot "because of the condition of his sidewalk" was clearly improper. Furthermore, it was error for the court to receive in evidence the records of Magistrates' Court in connection with such summons and the conviction of defendant of a violation of the particular Administrative Code regulations. The case of plaintiffs against appellant Depot was predicated upon its alleged negligence in creating the icy condition of the sidewalk in connection with its use of the hydrant. The conviction of appellant for its failure as an adjoining property occupant to remove snow and ice does not tend to establish that it created the alleged icy condition. Thus, the conviction was not an adjudication upon the issue present here. In fact, civil liability on part of appellant Depot would not result from its mere failure to remove snow and ice from the sidewalk. Under the circumstances, it is clear that the certificate of conviction should not have been received. (Cf. *Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310; *Matter of Rechtschaffen*, 278 N. Y. 336; *Sims* v. *Union News Co.*, 284 App. Div. 335.) Particularly to be noted are the mere general terms of the information upon which the conviction was based. While a copy of the information was not submitted with the record, it appears from the officer's testimony that the charge was in mere general terms that the appellant Depot "did unlawfully allow snow and ice to remain on sidewalk adjacent to its construction project in its charge". Thus, the conviction was of no probative value to establish that there was an icy condition of the sidewalk in the vicinity of the hydrant. We are of the opinion that the errors mentioned were properly saved for review by the objections interposed by the appellant Depot. On the record as a whole, it appears that the court was put on notice that the appellant Depot was objecting to the general competency and relevancy of the testimony and of the Magistrates' Court's record with respect to the summons and conviction; and that its general objection to the same was not waived by counsel's statement in an objection that the record was not the best evidence. Concur — Valente, Eager and Steuer, JJ.; Rabin, J. P., and Stevens, J., dissent in the following memorandum by Rabin, J. P.: I disagree with the majority to the extent that it sets aside that portion of the judgment in favor of the plaintiffs against the defendant-appellant Depot Construction Co., Inc., and directs a new trial. I would affirm the judgment in its entirety. While I agree that the testimony of the police officer relative to the issuance of the summons was improperly received, I see no prejudicial error resulting therefrom. Subsequent to the officer's conclusory testimony regarding the issuance of the summons he testified directly as to his observation of the physical condition of the sidewalk. Such testimony adequately demonstrated the factual basis for the issuance of the summons thereby vitiating the initial impropriety. I also agree that the receipt in evidence of the Magistrates' Court records was improper. However, the objection taken to the proffer of the records was based on the ground that their admission would be violative of the best evidence rule and was not addressed to their irrelevance or prejudicial effect. In any event, even had the objection been made on the appropriate grounds, I am of the opinion that the admission of the records did not constitute reversible error. The court in its charge to the jury made it clear that Depot was not liable for a "dangerous condition of the sidewalk caused by a natural fall of snow." The jury was further instructed that liability could only be imposed on Depot if by its acts it created the condition of danger. The court charged that if the jury found that the injuries resulted merely from a failure to remove the snow and ice which had fallen they were to find against

the city. Under these instructions, the jury found against Depot and absolved the city. Such a finding must mean that the jury concluded that the failure to remove the snow and ice after the fall did not cause the accident, otherwise they would have found against the city as well. The jury, therefore, must have concluded that it was the affirmative acts of Depot that created the condition leading to the injury. Such a conclusion could not have been impelled or motivated by the record of conviction in the Magistrates' Court because the conviction was for the failure to remove snow and ice and not for any affirmative act of Depot creating the dangerous condition, as is implicit in the jury's finding solely against Depot. In addition, it should be noted that there was ample evidence — apart from the testimony of the officer and the Magistrates' Court records — to warrant the conclusion that the icy condition of the sidewalk resulted from the dripping of water from the hydrant and to place responsibility therefor on Depot. Settle order on notice.