■ In the Matter of JAMESTOWN LODGE 1681 LOYAL ORDER OF MOOSE, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 8, 1968, which affirmed an assessment against the employer for additional contributions in the sum of $1,421.11. On May 20, 1964 the Industrial Commissioner issued a determination assessing the employer the sum of $1,421.11 as additional contributions due for the audit period from January 1, 1958 through December 31, 1963. Report of audit from which the determination resulted was served on April 8, 1964 and the employer's request for a hearing was submitted on the same date. The Industrial Commissioner inadvertently failed to process the case for hearing before a Referee until October 17, 1967. At the hearing the employer elected not to proceed on the merits, but chose instead to rely on its contention that, by reason of the delay in scheduling the hearing, the Referee had no jurisdiction to hear and decide the case on the theory that the delay resulted in a denial of due process, and violated the intention of the law giving rise to the right to such hearing. This

contention was rejected by the Referee, and his determination was affirmed by the Unemployment Insurance Appeal Board. Leave was, however, given to the employer to apply to reopen the Referee's decision for the purpose of introducing evidence on the merits. Laches, waiver, or estoppel may not be imputed to the State in the absence of statutory authority. (*Matter of Moss,* 277 App. Div. 289; *People* v. *Minuse,* 190 Misc. 57, revd. on other grounds, 273 App. Div. 457.) This rule is generally applied in connection with tax matters. (See 21 N. Y. Jur., Estoppel, § 78; *Matter of \Hersch* v. *Stroup,* 19 A D 2d 664, mot. for lv. to app. den. 13 N Y 2d 597.) Contributions to the State Unemployment Insurance Fund are taxes imposed upon employers. (*Guaranty Trust Co. of N. Y.* v. *State of New York,* 299 N. Y. 295; *Matter of Parisi,* 8 Misc 2d 260.) Section 576 of the Labor Law provides that the payment of contributions may be enforced within "two years after the last day of the calendar year in which such determination of liability for contributions became final and irrevocable." Here the determination of the amount of the contributions due has not become final by reason of the request for a hearing by the employer. (Labor Law, § 571.) There is no provision in article 18 of the Labor Law requiring a hearing to be held within any specific time. The appellant, having contested the determination of the amount of contributions by requesting a hearing, extended the period within which payment might be enforced. The appellant chose to remain silent and make no inquiry with regard to the holding of the requested hearing. The appellant had the right to make inquiry, and move to speed the matter to a hearing. Under the circumstances, the appellant may not take advantage of the inadvertent delay in processing the case for hearing to avoid payment of the contributions due. The employer's liability for contributions under the law cannot be affected by the Industrial Commissioner's inaction. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.