**In re Eliawira NDOSI and Barbara L. Ndosi, Debtors.**

**Eliawira NDOSI and Barbara L. Ndosi, Plaintiffs,**

**v.**

**STATE OF MINNESOTA, Defendant.**

**Bankruptcy No. 4–89–6115.**
**Adv. No. 4–90–14.**

United States Bankruptcy Court,
D. Minnesota.

July 23, 1990.

Steven E. Schneider, Levy & Miller, Minneapolis, Minn., for debtors/plaintiffs.

---

Donald E. Notvik, Sp. Asst. Atty. Gen., State of Minn., St. Paul, Minn., for defendant.

## MEMORANDUM ORDER GRANTING PLAINTIFFS SUMMARY JUDGMENT

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on cross motions for summary judgment in this proceeding to determine the dischargeability of a debt owed to the Minnesota Department of Jobs and Training ("MnDOJT") for unpaid contributions to unemployment insurance. The parties have stipulated to the facts relevant to the proceeding. The appearances were as follows: Steven Schneider for the Plaintiffs (the "Debtors"); and Donald Notvik for the Defendant (the "State"). This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 157 and 1334, and Local Rule 103. Moreover, this Court may hear and finally adjudicate these motions because their subject matter renders such adjudication a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(b)(I).

## STIPULATED FACTS

1. From December, 1982 through September, 1989, Debtors Eliawira and Barbara Ndosi were, respectively, the President and Vice–President/Treasurer of Ndosi Enterprises, Inc. ("NEI"), a Minnesota corporation.

2. Debtors each held in excess of 20% of the ownership of NEI and had control over the filing of its unemployment insurance contribution reports.

3. NEI failed to remit to MnDOJT unemployment insurance contributions in the amount of $26,423.48 on wages which it had paid to its employees during the fourth quarter of 1988 and the first and second quarters of 1989.

4. By notice dated September 8, 1989, MnDOJT notified the Debtors that MnDOJT had determined them to be personally liable for NEI's unpaid insurance contributions, pursuant to Minn.Stat. § 268.161, subd. 9 (1988), in the sum of $21,467.45.

5. Debtors did not contest the determination of their personal liability, and consequently said determination became final pursuant to Minn.Stat. § 268.161, subd. 9 (1988).

6. Debtors filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 14, 1989.

## DISCUSSION

Not only have the parties stipulated to the facts, but they agree that this proceeding poses only one question for this Court to decide: is an employment tax liability eligible for seventh priority pursuant to 11 U.S.C. § 507(a)(7)(D) if the tax was on a wage, salary, or commission not paid by the Debtors but instead paid by a corporation they owned and of which they were the responsible officers? The parties have not cited any case directly on point, and I have been unable to locate any relevant authority. I am compelled, therefore, to reach a decision based solely on my reading of the language of the statute.

Section 523(a)(1) excepts from discharge all taxes "of the kind and for the periods specified in section 507(a)(2) or 507(a)(7)." 11 U.S.C. § 523(a)(1)(A). Thus, included among nondischargeable tax obligations are liabilities for unpaid employment taxes having seventh priority:

> Seventh, allowed unsecured claims of governmental units; *only to the extent such claims are for—*
>
> .   .   .   .   .
>
> (D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned *from the debtor* before the date of the filing of the petition. . . .

11 U.S.C. § 507(a)(7)(D) (emphasis added). Conversely, any employment tax liability that does not qualify for seventh priority is dischargeable, unless said liability falls within section 507(a)(2) or some other subsection of section 507(a)(7). The State con-

cedes that if the debtor's personal liability for unpaid insurance contributions does not qualify for seventh priority under section 507(a)(7)(D), said debt is dischargeable.[1]

■ It is clear from the unambiguous language of the statute that the Debtors' personal liability for NEI's unpaid insurance contributions does not qualify for seventh priority, and therefore said liability is dischargeable. Allowed unsecured claims are permitted priority *only* to the extent they fall within one of the seven categories provided by section 507(a)(7). The use of the word "only" in that section indicates Congress' intent that any unsecured claim of a governmental unit that does not strictly comply with all the requirements of one of the categories of section 507(a)(7) does not qualify for seventh priority. Section 507(a), granting priority to certain claims, should be narrowly construed, since any other construction would be contrary to the presumption in bankruptcy cases that "the debtor's limited resources will be equally distributed among his creditors."[2] *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98 (2d Cir.1986). The obligation for unemployment insurance contributions arose from wages that employees earned from NEI, not from the Debtors. *Only* taxes on wages, salaries, or commissions "earned from the debtor" qualify for seventh priority, and therefore the Debtors' obligation does not so qualify. 11 U.S.C. § 507(a)(7)(D).

Nonetheless, the State contends that the unemployment insurance contributions should be treated as if they were on wages earned from the Debtors, since the Debtors have been assessed personal liability for the unpaid contributions. *C.f. United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275, *reh'g denied*, 438 U.S. 907, 98 S.Ct. 3126, 57 L.Ed.2d 1150 (1978) (holding principal's personal liability for unremitted withholding taxes nondischargeable even though corporation rather than principal withheld taxes). The State's reliance on *Sotelo*, however, is misplaced for two reasons.

First, the situation in *Sotelo* is not analogous to that in the instant case. In *Sotelo*, the U.S. Supreme Court addressed section 17(a)(1)(e) of the Bankruptcy Act, which excepted from discharge a debt for "any taxes … which *the bankrupt has collected or withheld* from others as required by law … but has not paid over…." 11 U.S.C. § 35(a) (1976). Sotelo's corporation withheld taxes but did not pay them over, and Sotelo was assessed personal liability for the unpaid withholding taxes pursuant to Internal Revenue Code § 6672. The Supreme Court held that the personal liability assessment deemed the withholding taxes to have been withheld and collected by Sotelo, and therefore the debt arising from his failure to pay them over was nondischargeable:

> It is therefore clear that the § 6672 liability was imposed not for a failure on the part of respondent to collect taxes, but was rather imposed for his failure to pay over taxes that *he was required to collect and to pay over.*

*Id.* at 275, 98 S.Ct. at 1800 (emphasis added). Sotelo was personally responsible for collection and payment, and therefore his debt fell squarely within section 17(a)(1)(e) of the Act.

Similar reasoning cannot cause the instant Debtors' tax liability to fall squarely within section 507(a)(7)(D). It may be true that the assessment of personal liability to the Debtors' deemed them to have been personally responsible for paying the unemployment insurance contributions. But even if that were the effect of the assess-

---

**1.** The State concedes that unemployment insurance contributions are not a "tax required to be collected or withheld" and therefore 11 U.S.C. § 507(a)(7)(C) is inapposite. The debtors, in turn, concede that unemployment insurance contributions constitute "an employment tax on a wage, salary, or commission" pursuant to 11 U.S.C.A. § 507(a)(7)(D).

**2.** This result is consistent with the rule that exceptions to discharge should be narrowly construed against the creditor, since if fewer kinds of debt are entitled to priority under section 507(a)(7), there will be fewer kinds of debts eligible for exception from discharge section 523(a)(1). *See Barclays American/Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 879 (8th Cir.1985).

ment, the tax would still be on wages earned from NEI rather than the Debtors, since the assessment cannot reasonably be construed to deem the Debtors to have paid the wages to NEI's employees. Consequently, the holding in *Sotelo* is distinguishable from the instant case.

Second, extending the holding in *Sotelo* to apply to the instant case would be contrary to the intent of Congress. According to Representative Don Edwards, Congress adopted the holding in *Sotelo* when it drafted section 507(a)(7)(C) granting priority to withholding tax obligations:

> In addition, this category [section 507(a)(7)(C)] includes liability of a responsible officer under the Internal Revenue Code (sec. 6672) for income taxes or for the employees' share of social security taxes which that officer was responsible for withholding from the wages of employees and paying to the Treasury, although he was not himself the employer.... The U.S. Supreme Court has interpreted present law [section 17(a)(1)(e) of the Bankruptcy Act] to require the same result as will be reached under this rule.

124 Cong. Rec. H11089 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6436, 6497 (citing *United States v. Sotelo*). The unambiguous language of section 507(a)(7)(C) reveals Congress' intent to adopt the holding in *Sotelo* as it applied to withholding tax obligations:

> Seventh, allowed unsecured claims of governmental units; only to the extent such claims are for—
>
> .   .   .   .   .
>
> (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

11 U.S.C. § 507(a)(7)(C) (emphasis added).

In contrast, Congress chose to draft the language of section 507(a)(7)(D) so as to make it applicable only to employment taxes on wages earned from the debtor:

> (D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned *from the debtor* before the date of the filing of the petition....

11 U.S.C. § 507(a)(7)(D) (emphasis added). Congress could have drafted section 507(a)(7)(D) regarding employment taxes to mimic the broad language of section 507(a)(7)(C) regarding withholding taxes, but it elected not to do so. The clear implication of the stark difference in language between sections 507(a)(7)(D) and 507(a)(7)(C) is that Congress intended for the former to be more limited in scope than the latter. Interpreting section 507(a)(7)(D) to be blind to the entity from which the wages were earned, as section 507(a)(7)(C) is blind to the entity that actually withheld the taxes, would require this Court to ignore the distinction between the unambiguous language of these sections:

> The task of resolving the dispute over the meaning of [the statute] begins where all such inquiry must begin: with the language of the statute itself. In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the court is to enforce it according to its terms."

*United States v. Ron Pair Enter.*, 489 U.S. 235, ——, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)) (citations omitted). I cannot ignore the unambiguous language of section 507(a)(7)(D), and therefore I must conclude that Congress did not intend for the Debtors' personal liability for NEI's unpaid unemployment insurance contributions to be eligible for priority treatment. Consequently, said liability is dischargeable.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for summary judgment in their favor is granted;

2. Defendant's motion for summary judgment in its favor is denied;

3. Plaintiffs shall have judgment declaring that their $21,467.45 debt to the Minnesota Department of Jobs and Training for unemployment insurance contributions unpaid by Ndosi Enterprises, Inc. is not ex-

cepted from discharge pursuant to 11 U.S.C. § 523(a)(1).