**Eliawira NDOSI and Barbara Ndosi, Appellees,**

v.

**STATE OF MINNESOTA, Appellant.**

**No. 91–1623.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1991.

Decided Dec. 17, 1991.

Donald E. Notvik, Asst. Atty. Gen., St. Paul, Minn., for appellant.

Thomas F. Miller, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, ARNOLD, Circuit Judge and STUART *, Senior District Judge.

STUART, Senior District Judge.

The State of Minnesota appeals an order of the District Court[1] affirming the decision of the Bankruptcy Court[2] that the debtors' liability for unemployment insurance contributions is dischargeable. We are presented with the question of whether 11 U.S.C. § 523(a)(1)(A) (1988) excepts from discharge the debts of the owners and officers of a corporation made individually liable, by state statute, for the unpaid unemployment insurance contributions of the corporation.

## I

The debtors, Eliawira and Barbara L. Ndosi, were officers and controlling owners of Ndosi Enterprises, Inc. (NEI), a Minnesota corporation. NEI failed to pay to the Minnesota Department of Jobs and Training (department) unemployment insurance contributions in the amount of $26,423.48 on wages paid to employees during parts of 1988 and 1989. On September 8, 1989, the department notified the debtors that they were personally liable for $21,467.45 for NEI's unpaid insurance contributions, pursuant to state law. *See* Minn.Stat. § 268.-161(9) (1988). On December 14, 1989, the debtors filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

The debtors filed a complaint to determine dischargeability of personal liability for the unemployment insurance obligations of the corporation. On cross-motions for summary judgment on stipulated facts, the bankruptcy court held that the debtors' personal liability was dischargeable because it did not arise from wages "earned from the debtor" within the meaning of 11 U.S.C. § 507(a)(7)(D). 116 B.R. 687. On appeal, the district court affirmed. This appeal followed. We affirm.

* The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

**1378**

## II

Under § 523(a)(1)(A) of the Bankruptcy Code, 92 Stat. 2590, as amended, 11 U.S.C. § 523(a)(1)(A) (1988), a discharge does not discharge an individual debtor from any debt for a tax "of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title...." Nondischargeable tax obligations specified in § 507(a)(7) include "an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned *from the debtor* before the date of the filing of the petition...." (Emphasis added.)

On its face, the phrase "from the debtor" operates to exclude from § 507(a)(7)(D) employment taxes on wages earned from persons other than the debtor. The "debtor" is the "person ... concerning which a case under this title has been commenced." 11 U.S.C. § 101(13). In this case, the debtors are Eliawira and Barbara Ndosi, not NEI. Because the debtors' tax liability arose out of wages earned from NEI, and not from the debtors, § 507(a)(7)(D) does not render the debt nondischargeable.

Although the language of § 507(a)(7)(D) alone supports the interpretation of the courts below, the language contained in the preceding subsection—§ 507(a)(7)(C)—indicates that Congress specifically intended the phrase "from the debtor" to narrow the scope of nondischargeable employment tax liabilities. Section 507(a)(7)(C) renders nondischargeable any debts for "a tax required to be collected or withheld and for which the debtor is liable *in whatever capacity.*" 11 U.S.C. § 507(a)(7)(C) (emphasis added). Congress could have used such language in § 507(a)(7)(D), but it did not do so.

The Supreme Court's decision in *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), does not compel a different result. Section 507(a)(7)(C) codifies the holding in *Sotelo*, underscoring the fact that Congress considered the decision but did not extend its holding. As for the method of analysis used in *Sotelo*, the Supreme Court more recently has stated as follows:

The task of resolving the dispute over the meaning of [the statute] begins where all such inquiries must begin: with the language of the statute itself. In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the courts is to enforce it according to its terms."

*United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (citations omitted). We therefore decline the department's invitation to inquire further into the public policy and equitable arguments it advances or to construe the phrase "of the kind" in § 523(a)(1)(A) broadly so as to render all employment tax liabilities nondischargeable.

In conclusion, 11 U.S.C. § 523(a)(1)(A) does not except from discharge the debtors' liability for NEI's unpaid unemployment insurance contributions. We note that the department's argument that the court should have pierced the corporate veil was not raised below and is not supported by the stipulated facts. The judgment of the district court is affirmed.