■ In the Matter of ALL CARE REGISTRY, INC., Respondent. COMMISSIONER OF LABOR, Appellant. [685 NYS2d 302]

---

—Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 10, 1997, which modified the assessment of contributions due from All Care Registry, Inc. to the period from January 1, 1990 through December 31, 1992.

On April 13, 1993 the Commissioner of Labor assessed All Care Registry, Inc. additional contributions for the audit period of January 1, 1986 through December 31, 1989 based on remuneration paid to its nurses. At issue on appeal is the propriety of the Unemployment Insurance Appeal Board's decision finding that the assessment was untimely pursuant to Labor Law § 576 (1), which mandates that all determinations of liability for contributions be made within three years of "the last day of the calendar year in which the wages on which such liability is based were paid". We agree with the Board's determination that the Commissioner was barred by this Statute of Limitations and, accordingly, affirm.

The Commissioner contends that Labor Law § 576 (3) (b) tolls the limitations period in this case. Specifically, because All Care challenged a prior assessment of additional unemployment insurance contributions for the remuneration it paid to nurses during audit years 1983 through 1985 (165 AD2d 907), which did not become final until May 7, 1991 when the Court of Appeals denied leave to appeal (77 NY2d 809), the Commissioner argues that the assessment at issue in this proceeding—rendered within two years of May 7, 1991—was timely. We are unpersuaded.

Significantly, Labor Law § 576 makes a distinction between "[d]eterminations of *liability* for contributions" (Labor Law § 576 [1] [emphasis supplied]) and "[d]eterminations of *amount* of contributions" (Labor Law § 576 [2] [emphasis supplied]). Labor Law § 576 (3) (b), captioned "Determinations [of] amount of contributions after contest", provides, as relevant here, that "[i]f an employer contests a determination of *liability* for contributions, a determination of the *amount* of contributions due may be made at any time prior to * * * two years after the last day of the calendar year in which *such determination of liability* for contributions became final and irrevocable" (emphasis supplied). Thus, as the plain language of this tolling provision makes clear, it only applies in those situations where the Commissioner has in the first instance issued a timely determination of *liability* which is thereafter unsuccessfully contested by an employer, and then it only tolls the time period within which a determination as to the precise *amount* due must be rendered (*see, Matter of Jamestown Lodge 1681 Loyal Order of Moose v Catherwood*, 31 AD2d 981, 982).

Here, the Commissioner did not issue a determination of liability for additional contributions within three years of the last calendar day of 1986, 1987, 1988 or 1989 (*see*, Labor Law § 576 [1]). This being the case, the tolling provision outlined under Labor Law § 576 (3) (b) was never triggered. Contrary to the Commissioner's contentions, the determination of liability concerning the prior audit years is irrelevant to the subsequent determination of liability for the purpose of the tolling period provided pursuant to Labor Law § 576 (3) (b).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.