**In re Lavern & Patricia MUELLER, Debtors.**

**Lavern H. Mueller, Plaintiff,**

v.

**State of Wisconsin, Department of Workforce Development, Defendant.**

**Bankruptcy No. 99–3072–7.**

**Adversary No. 98–33651–7.**

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 15, 1999.

Michael E. Kepler, Kepler & Peyton, Madison, WI, for Plaintiff.

Peter W. Zeeh, Bureau of Legal Affairs, Dept. Of Workforce Development, Madison, WI, for Defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

The debtor, LaVern Mueller, filed for Chapter 7 bankruptcy on July 17, 1998, and then brought this adversary proceeding to determine whether he should be discharged from his debt to the State of Wisconsin—Department of Workforce Development (hereinafter "WDWD") for unpaid unemployment insurance contributions of his corporation. The debtor was the sole shareholder and the person in charge of reporting and paying unemployment insurance taxes for Mueller Property Services, Inc. Mueller Property Services, Inc. did not pay unemployment insurance taxes for the third and fourth calendar quarters of 1996 and the first and second calendar quarters of 1997.

The parties have stipulated that the tax reports for all the quarters, except the fourth calendar quarter of 1996, were filed late and within the two-year period preceding the debtor's filing of his Chapter 7 bankruptcy. WDWD concedes that the liability for the fourth calendar quarter of 1996 is dischargeable because the tax report for that period was filed timely. The debtor concedes that apart from discharge in bankruptcy, he is a responsible party liable for the taxes of the corporation under Wis.Stat. § 108.22(9).

The debtor argues that his debt to WDWD should be discharged because § 523(a)(1)(A) excepts only debts afforded priority under § 507(a)(2) or (a)(8), and the claim of WDWD does not fit any category afforded priority. WDWD argues that § 523(a)(1)(B)(ii) controls, and the debt should be excepted from discharge because the required returns were filed late and within the two-year period prior to bankruptcy.

The plaintiff-debtor has invoked the jurisdiction of this court as a preemptive strike to establish the discharge of his debt. Even when cast as a defendant, the creditor seeking to have a debt excepted from discharge bears the burden of proof, *see In re Thirtyacre*, 36 F.3d 697, 699 (7th Cir.1994), and the exceptions to discharge found in § 523 are strictly construed against the creditor. Section 523(a)(1)(A) provides:

> A discharge under section 727 … of this title does not discharge an individual debtor from any debt … for a tax or a customs duty … of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed….

11 U.S.C. § 523(a)(1)(A). According to the debtor, § 507(a)(8) as incorporated into § 523(a)(1)(A) should be construed so that "the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all

cases not specifically excluded." *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 551 (7th Cir.1985). Because none of the specific categories of § 507(a)(8) incorporated into § 523(a)(1)(A) applies to his circumstance, the debtor argues that his indebtedness should be discharged.

The two provisions in § 507(a)(8) that most nearly apply to the debtor's circumstance are §§ 507(a)(8)(C) and (D), which state:

> Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for ... (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity ... [or] (D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(C), (D). The debtor argues that unemployment insurance contributions are not taxes required to be collected or withheld. *See In re Ndosi*, 116 B.R. 687, 689 (Bankr.D.Minn.1990). Although admitting that he was responsible for the unemployment insurance contributions, the debtor was not required to collect or withhold these specific taxes from the corporation's employees, and no "trust fund" was created. Furthermore, he argues that the unemployment insurance contributions were not employment taxes earned from him, the debtor, but from Mueller Property Services. Therefore, neither § 507(a)(8)(C) or (D) applies. The debtor relies on *Ndosi v. Minnesota*, 950 F.2d 1376 (8th Cir.1991).

█ In a more recent case, the Bankruptcy Appellate Panel of the Eighth Circuit held that unpaid workers' compensation premiums are entitled to priority as excise taxes under § 507(a)(8)(E) of the Bankruptcy Code, and are therefore not dischargeable under § 523(a)(1)(A). *See In re Voightman*, 239 B.R. 380 (8th Cir. BAP 1999). Section § 507(a)(8)(E) provides priority for:

> An excise tax on (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition....

11 U.S.C. § 507(a)(8)(E). In *Voightman*, the debtor operated a trucking business as a sole proprietor. At the time of his bankruptcy, he had not paid $15,130.04 in premiums to the North Dakota Workers Compensation Bureau. *Id.* The court reasoned that:

> An excise tax is an indirect tax, one not directly imposed upon person or property but imposed on the performance of an act, the engaging in an occupation or the enjoyment of a privilege ... The obligation in question here, if it is a tax, would qualify as an excise tax because it is an indirect assessment that arises through the transaction or act of employing.

*Id.* at 383. The court then determined if workers' compensation premiums are taxes by applying the Ninth Circuit's *Lorber* test. Under the *Lorber* test, there are four elements necessary for an obligation to be classified as a tax:

> (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property;
>
> (2) imposed by, or under authority of legislature;
>
> (3) for public purposes, including purposes of defraying expenses of government or undertakings authorized by it; and
>
> (4) under the police or taxing power of the state.

*Id.* at 383 *citing In re Lorber Indus. of Cal., Inc.,* 675 F.2d 1062, 1066 (9th Cir. 1982). The Eighth Circuit BAP found that "the premiums are involuntary exactions on employers to serve the public purpose of upholding the prosperity of the state by ensuring the well-being of workers through sure and certain relief to those injured on the job," and concluded that debtor's debt for the unpaid workers' compensation premiums was nondischargeable. *Id.* at 383.

Although *Voightman* involved unpaid workers' compensation premiums and our case involves unpaid unemployment insurance premiums, the analysis should be the same. First, this obligation, if a tax, is an excise tax because the obligation was an indirect assessment on the debtor that arose through the act of employing individuals. Second, it meets the four elements of the *Lorber* test to be classified as a tax. The obligation is an involuntary pecuniary burden imposed by the State of Wisconsin on employers under Chapter 108 of the Wisconsin Code for the public purpose of creating a "gradual and constructive solution of the unemployment problem." *See* Wis.Stat. § 108.01(3) (1997–1998). Therefore, the claim for unpaid unemployment premiums is granted priority under § 507(a)(8)(E) of the Bankruptcy Code, and the debt giving rise to the claim is nondischargeable under § 523(a)(1)(A).

Alternatively, WDWD benefits from § 523(a)(1)(B)(ii) which provides:

A discharge under section 727 … of this title does not discharge an individual debtor from any debt for a tax or a customs duty … with respect to which a return, if required … was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition. …

11 U.S.C. § 523(a)(1)(B)(ii). The parties have stipulated that Mueller Property Services, for which the debtor was a responsible party, did not pay its unemployment insurance taxes for the third and fourth calendar quarters of 1996 and the first and second calendar quarters of 1997. The tax reports for all of those quarters, excluding the fourth calendar quarter of 1996, were filed late and within the two-year period preceding debtor's bankruptcy filing. The only disputed issues are whether the unemployment insurance contributions are a "tax" for purposes of § 523(a)(1)(B) [1], and whether § 523(a)(1)(B)(ii) applies to the debtor as a responsible party for unemployment insurance contributions.

■ The word "tax" is not defined in the Bankruptcy Code, but many bankruptcy courts have found unemployment insurance contributions to be taxes. *See In re Nail,* 163 B.R. 105 (Bankr.E.D.Mich.1994); *In re Skjonsby Truck Line, Inc.,* 39 B.R. 971 (Bankr.D.N.D.1984); *Matter of Pierce,* 935 F.2d 709 (5th Cir.1991). Furthermore, federal courts in this state have held that unemployment insurance contributions are a tax. *See In re Oshkosh Foundry,* 28 F.Supp. 412, 414 (E.D.Wis.1939). According to the court in *Oshkosh Foundry,* the key in determining whether a contribution is a tax is whether the contribution is compulsory. *Id.* Under Wisconsin law unemployment insurance contributions are compulsory. Nothing has been suggested or found which would suggest that this obligation should be a tax for one subsection of § 523 and not for the other.[2]

■ The second issue is whether a "responsible party" is treated the same as a principal taxpayer under § 523(a)(1)(B)(ii). The bankruptcy cases addressing § 523(a)(1)(B)(ii) consider only whether tax returns were filed, not whether a responsible party is subject to its terms. The debtor argues that § 523(a)(1)(B)(ii) does not apply to him because his liability

---

1. We have shown unemployment insurance contributions to be taxes under § 523(a)(1)(A).

2. *Cf. Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

does not arise from a tax return, but rather arises from the application of Wis.Stat. § 108.22(9), which puts the onus of nonpayment of the corporation's tax upon the responsible party. Although the debtor argues that § 523(a)(1)(B)(ii) was not meant to cover this sort of tax, the debtor cites no law to support this contention.

Under Wis.Stat. § 108.22(9), the tax debt of a corporation becomes the tax debt of the individual found to be a responsible person. Under *United States v. Sotelo*, 436 U.S. 268, 275, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), personal liability for taxes is liability for a tax. Debtor's personal liability for the Wisconsin unemployment insurance taxes is a debt for a tax.

Section 108.22(9) of the Wisconsin Code makes individuals responsible for paying unemployment insurance contributions and filing contribution reports personally liable for the amounts not paid or reported:

> An individual who is an officer, employe, member or manager holding at least 20% of the ownership interest of a corporation or of a limited liability company subject to this chapter, and who has control or supervision of or responsibility for filing contribution reports or making payment of contributions, and who wilfully fails to file such reports or to make such payments to the department, or to ensure that such reports are filed or that such payments are made, may be found personally liable for such amounts, including interest, tardy payment or filing fees, costs and other fees, in the event that after proper proceedings for the collection of such amounts, as provided in this chapter, the corporation or limited liability company is unable to pay such amounts to the department. Ownership interest of a corporation or limited liability company includes ownership or control, directly or indirectly, by legally enforceable means or otherwise, by the individual by the individual's spouse or child, by the individual's parent if the individual is under age 18, or by a combination of 2 or more of them, and such ownership interest of a parent corporation or limited liability company of which the corporation or limited liability company unable to pay such amounts is a wholly owned subsidiary. The personal liability of such officer, employe, member or manager as provided in this subsection survives dissolution, reorganization, bankruptcy, receivership, assignment for the benefit of creditors, judicially confirmed extension or composition, or any analogous situation of the corporation or limited liability company and shall be set forth in a determination or decision issue under § 108.10.

Wis.Stat. § 108.22(9) (1997–1998). The debtor concedes that he meets the conditions for being held personally liable under Wisconsin unemployment insurance law for the unpaid unemployment insurance taxes of Mueller Property Services. Pursuant to Wis.Stat. § 108.10, WDWD issued an appealable determination to the debtor that he was personally liable for the unemployment insurance taxes, and the debtor did not appeal this determination. Therefore, the debtor is personally liable to WDWD.

The plain language of § 523(a)(1)(B)(ii) excepts from discharge **any debt** of an individual debtor for a tax where a return was filed late and within the two-year period prior to bankruptcy. There is no language in § 523(a)(1)(B)(ii) that requires that the debt must have originally accrued to the debtor. Rather, the debtor need only be liable for the debt. The only other requirement found in the statute is that the tax returns must have been filed late and within the two-year period prior to bankruptcy. Tax reports for Mueller Property Services were filed late and within two years prior to bankruptcy. Therefore, debtor's debt for unpaid unemployment insurance contributions is not dischargeable under § 523(a)(1)(B)(ii).