Contrary to the petitioner’s argument, her discharge in bankruptcy did not affect her liability for underpaid or unpaid unemployment insurance contributions (see 11 USC §§ 507 [a] [8] [D], [E]; 523 [a] [1] [A]; Matter of Pierce, 935 F2d 709, 711 [5th Cir 1991]; In re The Albert Lindley Lee Mem. Hosp., 428 BR 283 [ND NY 2010]; In re McAdam, 402 BR 473, 478-482 [DNH 2009]; In re Cottage Grove Hosp., 265 BR 241, 244-247 [D Or 2001]; In re Mueller, 243 BR 346, 349 [WD Wis 1999]; Matter of Ward, 119 Misc 2d 930, 930 [1983]; Matter of Parisi, 8 Misc 2d 260, 260-261 [1957]; 4 Collier on Bankruptcy ¶ 507.11 [5], [6], [8] [b] and n 96 [16th ed 2012]; Andrew M. Campbell, Annotation, Exception from Discharge of Taxes under § 523[a][1] of Bankruptcy Code [11 U.S.C.A. § 523(a) (1)], 145 ALR Fed 1, § 16 [d]).
The petitioner’s remaining contentions are either not properly *800 before this Court or without merit. Angiolillo, J.E, Dickerson, Belen and Miller, JJ., concur.